## Staunton.

### THACKER V. COMMONWEALTH.

September 28, 1921.

1. JUDICIAL NOTICE—*Intoxicating Liquors—Corn Whisky Intoxicating —Ardent Spirits.*—It is a matter of common knowledge that corn whiskey is intoxicating, and section 1 of the prohibition act declares that "whiskey" shall be embraced in the term "ardent spirits."

2. INTOXICATING LIQUORS—*"Transportation"—"Ultimate Destination."*—An "ultimate destination" at a fixed point is not necessary to constitute "transportation" within the meaning of the prohibition statute.

3. INTOXICATING LIQUORS—*Transportation to be Drunk Along the Road—Baggage—Burden of Proof—Less Than a Quart of Liquor—Case at Bar.*—In the instant case accused invited two friends to accompany him in his automobile to the country. On the trip accused obtained some corn whiskey in a half-gallon jar, from which on the return trip they all drank. It did not appear whether the jar contained more or less than a quart of whiskey.

 *Held:* That the transportation was not in the personal baggage of the defendant; that the transportation to be drunk along the road was unlawful, and that there was no burden on the Commonwealth to show that the jar contained more than a quart.

Error to a judgment of the Circuit Court of Alleghany county.

*Affirmed.*

The opinion states the case.

*George A. Revercomb* and *W. Chapman Revercomb,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error was convicted of unlawful transportation of ardent spirits, and sentenced to pay a fine of $50 and to confinement in jail thirty days. There is no conflict in the testimony, which was to the following effect: The plaintiff in error (hereinafter called the defendant) invited two friends to accompany him in his automobile to the country. They accepted the invitation and drove into the country to the house of one Harmon Smith, where the defendant obtained a half-gallon glass fruit jar with something in it, whether more or less than a quart the witness did not know, and put it on the running board of the car. The contents of the jar tasted and smelt like corn whiskey, and was corn whiskey, but did not make the witness drunk. While the defendant was cranking his car for the return trip, one of his friends, who was the witness testifying, picked up the jar and took a drink out of it, and set it in the rear of the car, and "they all drank out of this jar on the way back."

[1-3] Several errors are assigned, but it would be a waste of time to discuss them. It is matter of common knowledge that corn whiskey is intoxicating, and section 1 of the prohibition act declares that "whiskey" shall be embraced in the term "ardent spirits." The court is also of opinion that an "ultimate destination" at a fixed point is not necessary to constitute "transportation" within the meaning of the prohibition statute; that the transportation was not in the personal baggage of the defendant; that the transportation "to be drunk along the road" was unlawful; that there was no burden on the Commonwealth to show that the jar contained more than a quart; and that the jury could not have found any other verdict than that of guilty, and hence the ruling of the trial court on the instructions was immaterial.

The judgment of the trial court will be affirmed.

*Affirmed.*