## Rufus Maynard v. The State.

### No. 7473.   Decided March 7, 1923.

**1.—Transporting Intoxicating Liquor—Continuance—Vehicle.**

It is not necessary that one own the vehicle used in the unlawful transportation of liquor in order to make out his guilt, and the allegation that the wife of defendant would testify that he did not transport liquor is but a statement of conclusion, and it is not necessary that the facts show that the liquor was transported for the purpose of sale, and the alleged testimony in the application for continuance was therefore not material.

**2.—Indictment—Motion to Quash.**

Where the indictment sufficiently charged the unlawful transportation of intoxicating liquor, a motion to quash was correctly overruled.

**3.—Same—Evidence—Bill of Exceptions.**

This court must decline to accept as proved, statements of objections to the introduction of testimony, unless the fact of the existence is certified.

**4.—Same—Requested Charge—Practice on Appeal.**

There was no error in refusing appellant's request for peremptory instructions of not guilty.

**5.—Same—Charge of Court—Words and Phrases.**

When the charge the Court simply instructed the jury that it is unlawful for any person to transport intoxicating liquor, and that if the jury

found that the defendant so did transport same, they should return a verdict of guilty, there was no error, although the court did not define the term transport, and did not tell the jury that transportaion means carrying or conveying from one definite place to another for unlawful purposes.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of transporting intoxicating liquor, the evidence sustained the conviction, there is no reversible error.

Appeal from the District Court of Delta. Tried below before the Hon. Geo. B. Hall.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*A. T. Stell* and *C. C. McKinney,* Attorneys for appellant.—Cited Ex parte Hopkins, 171 S. W. Rep., 1163; Longimire v. State, 171, 1165.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Delta County of the transportation of intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Complaint is made of the refusal of a continuance sought because of the absence of the wife of appellant. As we understand the application it is stated that appellant expected to show by his wife that he did not own the car he was driving on the date charged and that he did not have any intoxicating liquors for transportation unlawfully or for the purpose of sale. It is not necessary that one own the vehicle used in the unlawful transportation of liquor in order to make out his guilt. The allegation that the wife would testify that appellant did not unlawfully transport liquor, would be but a statement of a conclusion, and it is not necessary under our statute, to make out a case of transportation in violation of the law, that the facts show that same was for the purpose of sale. The appellant's motion for new trial was not accompanied by any affidavit of his wife showing what her testimony would be or from which this court might ascertain the materiality thereof. Walker v. State, 91 Texas Crim. Rep., 507, 240 S. W. Rep., 538. From the qualification of the trial court appended to the bill of exceptions complaining of the refusal of said continuance, it is manifest that in the opinion of the court below the testimony of the wife of appellant, if exactly in line with the facts stated in the application for continuance, would not be deemed of such materiality as to affect the verdict or likely produce a different result upon another trial, in view of the facts as given in testimony.

Complaint is also made of the refusal to quash the indictment. The jury found appellant guilty under the first count of said indictment and an examination of same convinces this court that it sufficiently charged

appellant with the unlawful transportation of spirituous, vinous and intoxicating liquor.

Appellant's third bill of exceptions complains of the testimony of the witness Pollard as to a statement made by appellant while under arrest. The grounds of appellant's objection are in no way verified. This court must decline to accept as true, statements of objections to the introduction of testimony, unless the fact of the existence of such grounds of objection are made to appear other than by the mere statement of same in presenting the objection to the court below.

There was no error in refusing appellant's request for a peremptory instruction of not guilty.

There is an exception to the charge of the court below because same does not define the term "transport" as therein used, but simply instructs the jury that it is unlawful for any person to transport intoxicating liquor, and that if they find that the defendant did so transport same, they should return a verdict of guilty. The Legislature has not seen fit to attempt to define said term in its enactment forbidding the transportation of intoxicating liquor. It is made unlawful for any common carrier or individual to transport such liquor, and the facts clearly show a transportation by appellant.

We have never held it necessary to charge in the indictment that the transportation of liquor be from one definite or named place to another, and it was unnecessary for the court to have given the special charge attempting to tell the jury that transportation means carrying or conveying from one definite place to another for unlawful purposes.

The evidence seems to fully sustain the verdict and judgment. On the occasion in question appellant was apprehended with a number of gallons of corn whisky in his car. He and the party who was with him in the car at the time were both drunk. When seen by the officers in his car shortly before arrest appellant was driving along a public street in the town of Cooper in Delta County.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*