# APRIL, 1925.

### JACK JONES v. THE STATE.

No. 8886.   Delivered April 29, 1925.

Rehearing denied June 10, 1925.

1.—Transporting Intoxicating Liquor—Indictment—Sufficiency of Allegations.

An indictment charging the offense of unlawfully transporting intoxicating liquor need not allege in what particular way same was being transported, nor in what particular place the defendant transported same. It is sufficient if it follow the wording of the statute. Following Maynard v. State, 93 Tex. C. R. 580, 249 S. W. 473.

2.—Same—Evidence—Held Admissible.

Testimony of surroundings, a gathering of negroes at a festival, and the discovery of whisky in appellant's automobile, were all cogent facts in making out the State's case, and in rebutting the claim of appellant that he had found the whisky and was taking it home to his wife to be used by her for medicinal purposes, and was properly admitted.

3.—Same—Evidence—Erroneously Admitted—Harmless Error.

The evidence introduced by the State that a large number of negroes were arrested at the same place, and time that appellant was apprehended was improperly admitted, but in view of the conclusive character of testimony of appellant's guilt, and the infliction of the minimum punishment, no injury was done appellant, by its erroneous admission.

4.—Same—Charge of Court—Held Correct.

Appellant's contention that the charge of the court should have embraced all of the exceptions contained in the statute, including sacramental, and mechanical purposes, etc., cannot be sustained. There was no issue raised by the evidence in the case that the defendant was transporting for any other purpose than medicinal purposes and the court properly applied the law to the facts, covering that issue, only.

*ON REHEARING.*

5.—Same—Jury—Duty of.

Appellant's explanation of his transportation of the whisky, was not binding on the jury. There is no iron-clad duty imposed upon the jury to accept as true the testimony of the accused, or his witnesses, or any other witnesses. By law the jury are the judges of the credibility of the witnesses, and of the weight to be given to their testimony, and in the instant case they had the right to reject the evidence of appellant and his witnesses, and accept the evidence of the State.

Appeal from the District Court of Limestone County. Tried below before the Hon. J. R. Bell, Judge.

Appeal from a conviction for transporting liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Kennedy & Lyles*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was indicted, tried and convicted in the Eighty-seventh District Court of Limestone County for unlawfully transporting spirituous liquors and his punishment assessed at one year in the penitentiary.

Complaint is made by appellant to the refusal of the trial court to sustain his motion to quash the indictment, alleging that said indictment is insufficient to apprise the defendant of the nature and cause of the accusation against him and because the same is insufficient to base a successful plea of judgment of former acquittal or conviction in bar of a subsequent prosecution for the same offense. The indictment in the case follows the statute, and we are unable to agree with the contentions made by the appellant in this case to the effect that the State under the statute would have to allege with certainly at what particular place the defendant was charged with transporting whisky and in what particular way he was transporting same, in order to comply with the requirements of the law. This court has decided against appellant on this contention. Maynard v. State, 93 Texas Crim. Rep. 580, 249 S. W. 473.

Appellant complains of the action of the trial court in permitting the officers Marvin Wooton, Jose Popejoy and John McBay to testify to having arrested the appellant in a car with three or four other negroes within about one hundred feet of a house where a negro festival was in progress and that said officers at said time arrested forty-four other negroes at said house, and that the negroes at said festival were shooting dice and had whiskey there. The evidence in the record discloses that the defendant, together with about four other negroes, was in an automobile within about one hundred feet of the house where the festival was in progress when the officers arrested them and searched the car, in which they found two gallons of whiskey in fruit jars and some small empty bottles. This evidence was undisputed, the defendant admitting that he had the whiskey, but contending that he found it, before reaching the supper, at or near an old house and by the side of the road and that he was taking it home for medicinal purposes, to be used by his sick wife. The State contended in this instance that he was transporting said whis-

key in violation of the law, and the sole defense was that he was transporting the whiskey for medicinal purposes. Now, in view of. the testimony as we see it from the record, the defendant having the whiskey, within one hundred feet of , where the festival was going on, and the evidence disclosing that there was whiskey at the festival other than that which the defendant had in the car, and that there were empty bottles found· in the car that the defendant was riding in, it would at least be a circumstance to show in behalf of the State that the defendant had the whiskey in he car for the purpose ·of sale, and a circumstance to show in behalf of the State that he had either gotten the whiskey from the festival and did not find it as contended by him, or that he was carrying the whiskey to the festival and not to his wife; and we take it that the objection raised would go more to the weight of the testimony than to the admissibility of same in regard to the whiskey, and see no ·error in the ruling of the trial court. Land v. State, 93 Texas Crim. Rep. 470.

Upon the other hand, with reference to the objection as to gambling going on at the festival, it presents a more serious question for our consideration. We are unable to see from any standpoint how the testimony of the State's witnesses to the effect that the other negroes or parties at the festival were shooting dice would throw any light whatever on the issue as to whether the defendant was unlawfully transporting whiskey. However, it was an undisputed fact by both the State and the defendant that he was transporting the whiskey in question, and the only issue between the State and the defendant was as to whether it was an unlawful transportation or whether the defendant was transporting same for medicinal purposes, and the admission of the testimony in regard to the gambling, though error, in our judgment is harmless, because there was no contention by either side that the defendant was in any way connected with the gambling; and, the jury having given the defendant the lowest punishment, and the court having charged the jury affirmatively on the defendant's defense as to transporting for medicinal purposes, we are of the opinion that the admission of said testimony does not constitute reversible error as shown from the record in this case.

There is further complaint raised against the charge of the court because the court limited the transportation of the whiskey to medicinal purposes, while attorneys for appellant contend that it is too restrictive and that the court's charge should have embraced all of the exceptions named in the statute, including sacramental and mechanical purposes, etc. We are unable to agree to this contention, because there was no issue in the case that the defendant was transporting for any other than medicinal purposes, and we think the court properly applied the law to the facts by covering that issue of the case only.

After a careful examination of the entire record, we fail to find any reversible error in the trial court, and the judgment is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The motion to quash the indictment, based on the fact that same merely charged that appellant "transported" the alleged intoxicating liquor, was properly overruled. It was not necessary to say that same was transported in a car, a wagon, in an airplane or in any other specific manner, any more than it was necessary to say that it was transported in a glass bottle, a stone jug, a fruit jar or some other named container. The word "transport" is one of ordinary meaning and common understanding, and in a case such as the one before us, where the liquor was undeniably carried from one place to another, we would not deem it necessary to even define it. In our opinion the motion to quash was without merit.

The proof showed that at the time of their arrest appellant and his companions were going up to a negro festival or supper. The officers testified that at the same time they arrested appellant they arrested a group of negroes at said place who had dice and whiskey. The character of the gathering to which appellant and his group were apparently going might have weight as refuting the claim, of appellant that he was taking the two gallons of whiskey found in his car, to his sick wife. In any event the jury having given him the lowest term, the admission of the testimony, even if improper, would seem incapable of evil effect.

Appellant also contends that he met and discharged the burden placed on him by statute to show that he was transporting the liquor for one of the excepted purposes, his claim being that he was transporting it for medicinal purposes. The stories told by appellant and his witnesses were in effect that he and they were driving around in a car, and the lights of the car fell on a sack which was by the side of the road and in which on examination appellant discovered four half-gallon jars of whiskey. He and some of the others took a drink and put two of the jars in the front of the car and two in the back. They all agree that after they learned of the supper being held out in the country, that they started to it and just as they arrived, they were held up by the officers and arrested. Appellant made a written confession in which he made substantially the above statements.

He made no claim at that time of the fact that he was transporting the liquor for any medicinal purpose. He and each of his witnesses averred that they had started to the festival. There is no iron-clad duty imposed on the jury to accept as true the testimony of the accused and his witnesses, or any other witnesses. By law the jury are the judges of the credibility of the witnesses and the weight to be given their testimony. The fact that they rejected the explanation made by appellant on the witness stand, and his claim that he was taking the four jars of whiskey so found by him by the road side, and carried by him out to this festival,—home for medicie for his wife, evidently did not appeal to the judgment of the jury.

The motion for rehearing will be overruled.

*Overruled.*