## BERRY v. STATE OF INDIANA.

[No. 24,702.    Filed June 3, 1925.]

1. INTOXICATING LIQUORS.—*An affidavit charging transportation in the language of the statute is sufficient.*—An affidavit charging the transportation of intoxicating liquor in the language of the statute, which sets out the acts constituting the crime, is sufficient (*Asher* v. *State*, 194 Ind. 553, followed). p. 261.

2. INTOXICATING LIQUORS.—*The exact points of transportation need not be alleged.*—An affidavit charging the unlawful transportation of liquor need not set out the exact places from or to which the liquor was transported. p. 261.

3. INDICTMENT.—*Must apprise defendant of the nature of the charge against him.*—The test of the sufficiency of an indictment is whether the material averments are stated with such certainty as to apprise the defendant of the nature and character of the charge against him. p. 262.

4. CRIMINAL LAW.—*All pleadings may be read by jury, though some are dismissed.*—An instruction which tells the jury that four of the counts of the affidavit had been dismissed, and that they are to consider and read only the remaining count thereof, is not open to the objection that it tends to mislead the jury into believing that the count is evidence of the facts averred therein; all the pleadings may be taken to the jury room, even though the prosecutor has elected to stand on certain counts only. p. 262.

5. CRIMINAL LAW.—*Requests for fuller instructions must be made.*—If a defendant believes an instruction is incomplete he should request of the court a fuller instruction, and in the absence of such request he cannot complain. p. 262.

6. INTOXICATING LIQUORS.—*Instruction using word "move" instead of "transport" sufficient.*—In a prosecution for unlawful transportation of intoxicating liquor an instruction which used the words "moved, carried or conveyed" is not improper in using the word "move" instead of "transport." p. 263.

7. INTOXICATING LIQUOR.—*Transportation of liquor but thirty feet is unlawful.*—In a prosecution for transporting liquor where the evidence showed that the liquor was actually moved but thirty or forty feet, instructions tendered on the theory that this did not constitute transportation were properly refused. p. 263.

8. INTOXICATING LIQUOR.—*Evidence considered and held sufficient to sustain finding of guilty.*—In a prosecution for transporting liquor, where the evidence of the state and the inferences therefrom are sufficient to sustain a finding of guilty, and there is no showing that the transportation is lawful, the verdict is not contrary to law. p. 264.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Hugh Berry was convicted of the unlawful transportation of liquor, and he appeals. *Affirmed.*

*F. Clayton Mansfield,* for appellant.

*U. S. Lesh,* Attorney-General, for the State.

GEMMILL, J.—Appellant was prosecuted and convicted upon one count of an affidavit in which he was charged with unlawfully transporting intoxicating liquor. The trial was by jury and judgment was rendered upon its verdict. Count 2 of the affidavit (all others being dismissed) was based on §1 of ch. 23 of the acts of 1923, Acts 1923 p. 70, which makes said offense a misdemeanor. Appellant assigns as errors that the court erred in overruling his motion to quash count 2 of the affidavit, his motion for a new trial and his motion in arrest of judgment.

In said count of the affidavit, it was stated, "that Hugh Berry, on or about the 17th day of October, 1923, at and in the county aforesaid, did then and there unlawfully transport intoxicating liquor, contrary to the

form of the statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

From the evidence it appears as follows: That on October 17, 1923, in the morning, police officers of the city of Muncie, received information which caused them to go to a point on Ohio avenue in said city. On a bank in some bushes on the north side of said avenue, about ten or twelve feet from the brick pavement, they found a sack in which were three one-gallon glass containers and one one-half gallon glass container, full of "white mule whisky." Three officers were concealed in places where same could be watched. Later in the day, appellant, driving a seven passenger touring car, stopped at the curb near the liquor. He got out of the automobile, went up on the bank, got the sack and contents and carried same to the automobile and placed it therein. He got in the car and started, and after driving about fifteen or twenty feet was stopped by the officers. Appellant said: "You got me this time boys, all I want is a square deal." The appellant and the liquor found in the automobile were taken to the police station.

The motion to quash the affidavit was on the following grounds: That the facts stated in the count in question did not constitute a public offense, and that said count did not state the offense charged with sufficient certainty. Under the last specification, it was claimed that the place from which and the place to which the defendant transported intoxicating liquor were not alleged, and the kind or name of the carrier from which the defendant received the intoxicating liquor was not alleged.

Said count 2 of the affidavit charges an offense in the language of the statute. The identical question raised by the motion to quash was decided by this court in

*Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 1. 407. (Petition for rehearing overruled, 143 N. E. 513). In the Asher case, this court said: "Where a statute defines a crime and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. *Faulkner* v. *State* (1923), 193 Ind. 663, 141 N. E. 514; *State* v. *New* (1905), 165 Ind. 571, 76 N. E. 400; *State* v. *Closser* (1912), 179 Ind. 230, 99 N. E. 1057. This statute provides that transporting intoxicating liquor shall be a crime. * * * The acts which constitute the crime being set out in the statute, it is sufficient to use the language of the statute."

It is contended by appellant that the affidavit does not state the offense with sufficient certainty when it fails "to charge the place from which to which other 2. place the defendant transported intoxicating liquor." In *Welchek* v. *State* (1922), 93 Tex. Crim. Rep. 271, 247 S. W. 524, 532, it was held that it was not necessary to allege "from where or to what place" the "transportation" was made. In *Maynard* v. *State* (1923), 93 Tex. Crim. Rep. 580, 249 S. W. 473, it was decided that the indictment for the transportation of liquor in violation of law need not charge that the transportation was from one definite or named place to another. And in *Thacker* v. *Commonwealth* (1921), 131 Va. 707, 108 S. E. 559, the court said that an ultimate destination at a fixed point is not necessary to constitute "transportation" within the prohibition statute. In *Cole* v. *Commonwealth* (1924), 201 Ky. 543, 257 S. W. 713, an indictment charging that defendant did transport intoxicating liquors, was sufficient without alleging attendant circumstances. No allegation was required in this affidavit as to the carrier or person from which or from whom the defendant received the liquor. The true test of the sufficiency of an indict-

ment is whether the material averments thereof are stated with such certainty as to apprise the de-

3. fendant of the nature and character of the charge against him. *Ridge* v. *State* (1923), 192 Ind. 639, 643, and cases there cited. The motion to quash count 2 of the affidavit was properly overruled.

In the motion for a new trial, the appellant claimed errors of law in the court giving to the jury certain instructions of its own motion, errors of law in the court refusing to give to the jury certain instructions tendered by the defendant, and that the verdict of the jury was contrary to law.

Objection is made to instruction No. 1, given to the jury by the court of its own motion. In part of this instruction the court informed the jury as fol-

4. lows: "The affidavit has been written in five counts or paragraphs, and the court instructs you that the first, third, fourth and fifth counts or paragraphs of said affidavit have been dismissed, and you are not to consider or read them. You are only to consider and read in this affidavit that you take to your jury room count number 2 which is known as transportation liquor count." Appellant says that this instruction had a tendency to mislead the jury into believing that count 2 was evidence of the facts averred therein. The court may permit the jury to take with them to their room, when they retire for deliberation, the pleadings in the cause, including all of the counts of the indictment or affidavit even though the prosecutor may have elected to stand on parts of the counts only. Ewbank, Indiana Criminal Law §558. It is our opinion that the jury could not have been misled as suggested.

But if appellant believed that the instruction was

5. not complete, he should have requested the court to give a fuller and more complete instruction. Failing to do this, he cannot complain.

Appellant says that instruction No. 4, given by the court of its own motion, was not a correct statement of the law, in that in this instruction the court told the jury in effect that it was a violation of the law for a person to move intoxicating liquor. The part objected to reads as follows: "But if you shall find from the evidence beyond all reasonable doubt that said defendant had possession of certain liquor and moved the same, or carried or conveyed intoxicating liquor from one place to another, then said defendant is guilty of transporting liquor." Appellant insists that the word "move" is not synonymous with the word "transport." Also, that the instruction omits the element of time and place. In the case of *West* v. *State* (1923), 93 Tex. Crim. Rep. 370, 248 S. W. 371, it was held that the words "transport" and "transporting," in the statute, as to unlawful transportation of intoxicating liquor, embrace movement of the liquor by accused on his person or in some vehicle under his control as an essential element of the offense. In this instruction, the use of the word "move" is not objectionable and the descriptions of time and place, same following the affidavit, are sufficient.

Appellant tendered instructions Nos. 4 and 5, which the court refused to give the jury. In his brief, appellant says that the theory of each of these instructions was that the evidence introduced by the state and embodied in each of these instructions did not show that appellant had transported intoxicating liquor; that is to say, this evidence failed to show that the defendant had conveyed intoxicating liquor from one place to another, and that the appellant conveyed the intoxicating liquor in question a distance of from not to exceed thirty or forty feet, which did not constitute transportation. With this contention of appellant, we do not agree. In McFadden, Prohibition,

§282, is the following statement: "The word 'transport' is defined: 'To carry from one place to another; transfer.'" In *Jentho* v. *State* (1921), 200 Pac. (Okla. Cr. App.) 251, it was held that the conveyance of intoxicating liquor from one point on a public highway to another point on the same highway, about 600 feet north of the first point, was a conveyance from place to place. And in *Hall* v. *State* (1918), 140 Tenn. 582, 601, 205 S. W. 423, 428, the court said: "A carrying from such a train (the one on which defendant arrived) to the depot platform is a 'transportation' within the meaning of the statute." One of the elements of this offense as set out in *Asher* v. *State, supra,* is that the transportation be from place to place. In Webster's International Dictionary one of the definitions of the word "place" is, "any particular spot or locality." The Century Dictionary has a like definition. And in Funk & Wagnalls Standard Dictionary "place," among other definitions, is defined as "a particular point or portion of space." We believe the evidence shows that there was a transportation of intoxicating liquor from place to place. And the distance which it was transported was immaterial. The court did not commit error in giving the instructions complained of and in refusing to give the instructions requested by the appellant.

There was no evidence showing that the transportation of the liquor was lawful, and in the absence of such proof, the evidence of the state and the inferences therefrom were sufficient to warrant the jury in finding that the appellant was unlawfully transporting same. We are convinced that the verdict of the jury is not contrary to law, and that no error was committed in overruling the motions for new trial and in arrest of judgment.

The judgment is affirmed.