Argued June 20, reversed and remanded September 18, reconsideration denied October 24, Sup Ct review denied November 7, 1978, 284 Or 235

## STATE OF OREGON, *Respondent,*
### *v.*
## MONTY CARL GREENE, *Appellant.*
### (No. 76-11-108, CA 9811)

583 P2d 1171

John Henry Hingson III, Oregon City, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

This is an appeal from convictions for robbery and burglary, both in the first degree. ORS 164.415; ORS 164.225. Defendant claims the court erred in three particulars: (1) in admitting defendant's confession into evidence, (2) in sending the indictment into the jury room, in alleged violation of ORS 17.320, and (3) in giving an allegedly incorrect instruction on "weaker and less satisfactory evidence." Defendant is correct with regard to his third assignment of error, and we reverse and remand.

Defendant was charged with being one of three perpetrators of a burglary of the Milwaukie, Oregon, home of Henry Jumper on the evening of October 18, 1976. Jumper's sister was visiting at his home when two men forced their way into the home, struck Jumper, robbed him and his sister, tied them up, and covered them with a sheet. A third man then joined the first two and the three ransacked the house. The burglars left with a sum of money, a motorcycle and a watch.

An observant neighbor noticed the automobile used by the burglars, noted the license number and called the police. The police located the suspect automobile the next day and were able to trace the stolen goods. Jumper's motorcycle was found at defendant's residence in Portland.

A warrant for defendant's arrest was issued on November 4, 1976. Meanwhile, between the time of the robbery and the issuance of the warrant, defendant had been arrested in Anderson, Indiana, on an Indiana charge and an attorney had been appointed to represent him. Shortly thereafter, the State of Oregon sought to extradite defendant in connection with the burglary of Jumper's home. Defendant's Indiana attorney advised defendant on the extradition matter.

On November 16, defendant was released to the custody of Clackamas County Deputy Sheriffs Han-

ners and Vicars, who had flown to Indiana to return defendant to Oregon.

Deputy Vicars advised defendant of his *Miranda*[1] rights as soon as he and Deputy Hanners arrived at the Anderson City Jail. Defendant told Vicars that he understood each of his rights and signed a *Miranda* card, confirming that he had been advised of and understood his rights. On the flight home, defendant confessed.

At an *in camera* hearing regarding the admissibility of his confession, defendant argued that there was no evidence that he had waived his right to have his Indiana attorney present and, thus, admitting his confession into evidence would violate his Sixth Amendment rights. Deputy Vicars stated that he was not made aware that defendant had an attorney in Indiana. Upon request of defendant, the trial court entered a finding of fact that defendant had appointed counsel on the Indiana charge. The court added, however, that "the fact that he did have counsel on the Indiana charge, whether this fact was known or not known to Deputy Vicars, would [not] render anything he said to Deputy Vicars inadmissible because of that fact." The trial court admitted the confession into evidence, after finding that defendant was fully advised of his rights and voluntarily made the incriminating statements to Deputy Vicars.

Defendant complains that the trial court improperly applied a "less strict" *Miranda* voluntariness standard as opposed to a "more strict" *Brewer v. Williams*[2] standard in assessing the admissibility of his confession.

■ Assuming (without deciding) that the tests for Fifth Amendment waiver of a *Miranda* right and waiver of the Sixth Amendment right to counsel under *Brewer*[3]

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966).

[2] 430 US 387, 97 S Ct 1232, 51 L Ed 2d 434 (1977).

[3] *See United States v. Brown,* 569 F2d 236, 240-41 (5th Cir 1978) (dissenting opinion).

are different, we think the trial judge was correct in applying *Miranda.* Although an attorney had been appointed to represent defendant on the Indiana charge in an Indiana court, defendant did not have an attorney to represent him on the Oregon charges. *Miranda* is thus the pertinent case. As required by *Miranda,* the trial judge determined that defendant had been fully advised of and understood his rights, but chose to confess anyway. We do not reconsider the trial court's finding of fact where, as here, it is supported by evidence in the record. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

Defendant's reliance on *Brewer* is misplaced, in any event. In *Brewer* defendant Williams was arraigned in Davenport, Iowa, for an Iowa state criminal charge for which he would be tried in Des Moines, Williams sought legal advice from an attorney named Kelly in Davenport who advised him not to talk to the officers who would be transporting him to Des Moines until he consulted with his attorney in Des Moines. The attorney also told the officers that Williams was not to be questioned until after he conferred with his attorney in Des Moines. On the drive to Des Moines, defendant stated several times that he did not wish to answer any questions until he spoke to his Des Moines attorney. In spite of this, a detective deliberately—and successfully—set out to elicit information from Williams. The Supreme Court held that, under the circumstances, Williams had not waived his right to counsel. Even under those extreme circumstances, however, the Court did not hold that Williams *could not* have waived his right to counsel.

*Brewer,* then, is a case of police overreaching where defendant had counsel whom he could not contact. The present case, by contrast, is one of no overreaching with a defendant who was properly advised and who did not have counsel on his Oregon charge. *Brewer* is not in point.

■ Defendant next argues that the trial judge erred in

permitting the indictment to go to the jury room. The answer to defendant's assignment of error hinges on the applicability of ORS 17.320, as amended by Oregon Laws 1977, chapter 357. Chapter 357 deleted that portion of former ORS 17.320 which permitted the jury to "take with them the pleadings in the case." The statute now reads:

"Upon retiring for deliberation the jury may take with them all exhibits received in evidence on the trial other than depositions. *The court may in its discretion, and shall at the request of any party, submit to the jury an impartial written statement summarizing the issues to be decided by the jury.* Where public records or private documents have been received in evidence, the court may, in its discretion, and where so doing will not interfere with the administration of justice, submit copies of such papers to the jury for consideration, returning the originals to those entitled to their possession. They may also take with them notes of the testimony or other proceedings on the trial, taken by themselves, or any of them; but none taken by any other person." (Emphasis added.)

Defendant points to ORS 136.330(1) which provides:

"ORS 17.210, 17.220, 17.230, 17.255 and 17.305 to 17.360 apply to and regulate the conduct of the trial of criminal actions."

The trial court held that notwithstanding the language of ORS 136.330(1), the emphasized portion of ORS 17.320 does not apply in criminal cases and submitted the indictment to the jury along with an instruction admonishing the jury that the indictment was not evidence.

We disagree with the trial judge. Applicability of the statute is clear, and failure to observe the statutory rule was error. In view of our disposition of defendant's third assignment of error, however, we are not required to decide whether standing alone, this error would require reversal.[4]

---

[4]The inquiry would concern prejudice and we question but do not here decide whether, after many years in which it was the practice to submit indictments to the jury, we could now find prejudicial error in doing so.

■ Finally, defendant challenges the trial court's giving of the following instruction:

> "You are instructed that evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of the State to produce *and the defendant to contradict.* And therefore, if weaker and less satisfactory evidence is offered by the State when it appears that stronger and more satisfactory evidence was within the power of the State to produce, the evidence offered should be viewed with distrust." (Emphasis added.)

Defendant did not testify. The Supreme Court has held that the weaker and less satisfactory evidence instruction should rarely, if ever, be given where defendant does not testify in his own defense. *State v. Kniss,* 253 Or 450, 455 P2d 177 (1969). *See also State v. Serrell,* 11 Or App 324, 501 P2d 1324 (1972), *aff'd* 265 Or 216 (1973). This was not one of those rare instances. Furthermore, the court's action was particularly harmful here where the trial court did not give a curative instruction to the effect that defendant had no burden of proof. *See State v. Marling,* 19 Or App 811, 529 P2d 957 (1974).

The instruction unnecessarily called attention to defendant's failure to testify, was therefore error, and requires reversal.

Reversed and remanded for a new trial.