Argued February 22, reversed and remanded
for resentencing April 30, 1979

STATE OF OREGON, *Respondent,*

*v.*

DON EDWARD FISHER, *Appellant.*

(No. 78-3-457, CA 11702)

593 P2d 1294

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant seeks reversal of his convictions of attempted burglary in the first degree, burglary in the second degree and two counts of theft in the first degree. Defendant makes three assignments of error: (1) that the trial court erred in submitting the indictment to the jury, (2) that there was insufficient evidence to support the conviction of attempted burglary in the first degree, and (3) that the guilty verdicts of burglary in the second degree and the two counts of theft in the first degree should have been merged for one conviction and sentence. We reverse and remand.

■ Relying on *State v. Greene*, 36 Or App 281, 583 P2d 1171, *rev den* (1978), defendant contends that the trial court erred in submitting the indictment to the jury over defense counsel's objection. In *Greene* we held that it was error to send an indictment to the jury under ORS 17.320,[1] as amended by Oregon Laws 1977, Chapter 357, which deleted the portion of the former statute permitting the jury "to take with them the pleadings in the case." We specifically, however, declined to decide in that case whether that error standing alone would be reversible. Here, defendant claims prejudicial error because of the official nature of the document which, he argues, could influence the jury. However, because the jury was instructed that the indictment was not evidence, there is no reversible error.

---

[1] ORS 17.320 provides:

"Upon retiring for deliberation the jury may take with them all exhibits received in evidence on the trial, other than depositions. The court may in its discretion, and shall at the request of any party, submit to the jury an impartial written statement summarizing the issues to be decided by the jury. Where public records or private documents have been received in evidence, the court may, in its discretion, and where so doing will not interfere with the administration of justice, submit copies of such papers to the jury for consideration, returning the originals to those entitled to their possession. They may also take with them notes of the testimony or other proceedings on the trial, taken by themselves, or any of them; but none taken by any other person."

[933]

■ Defendant next contends that the state failed to put on evidence sufficient to prove the crime of attempted burglary in the first degree[2] because, he claims, a claw hammer found lying on the roof of the burglarized store and introduced into evidence does not fit the statutory definition of a burglar's tool. We disagree. *State v. Reid*, 36 Or App 417, 585 P2d 411 (1978).

■ The state conceded at trial and on appeal that all counts on which defendant had been found guilty should be merged for sentencing.[3] It is not clear from the trial judge's order, which reads as follows, whether this was done.

"* * * [I]t appearing to the Court that defendant was found GUILTY of BURGLARY IN THE SECOND DEGREE, ATTEMPTED BURGLARY IN THE FIRST DEGREE, THEFT IN THE FIRST DEGREE and THEFT IN THE FIRST DEGREE * * *

"IT IS HEREBY ORDERED that defendant be sentenced to serve a term not to exceed five (5) years in the Corrections Division of the State of Oregon under their standard rules and regulations.

"* * * * *"

---

[2] ORS 164.225 provides in relevant part:

"(1) A person commits the crime of burglary in the first degree if he violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom he:

"(a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or

"* * * * *"

ORS 164.235 provides:

"* * * * *

"(2) 'Burglar tool' means an acetylene torch, electric arc, burning bar, thermal lance, oxygen lance or other similar device capable of burning through steel, concrete or other solid material, or nitroglycerine, dynamite, gunpowder or any other explosive, tool, instrument *or other article adapted, designed or commonly used for committing or facilitating a forcible entry* into premises or theft by a physical taking. (Emphasis supplied.)

"* * * * *"

[3] *But see State v. Cloutier*, 3 Or App 121, 575 P2d 996, *rev allowed* 282 Or 385 (1978).

We held a similar judgment order insufficient to merge multiple charges in *State v. Fickes*, 36 Or App 361, 584 P2d 770 (1978).

Reversed and remanded for resentencing.