ROBERT SHERMAN *v.* STATE OF MARYLAND

[No. 29, September Term, 1980.]

*Decided October 21, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Joseph F. Murphy, Jr.* for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court. MURPHY, C. J., and RODOWSKY, J., dissent. MURPHY, C. J., filed a dissenting opinion at page 642 *infra,* in which RODOWSKY, J., concurs.

The appellant, Robert Sherman, a member of the Maryland bar since 1965, was convicted by a jury in the Criminal Court of Baltimore for the unlawful and willful use of his client's funds in violation of Maryland Code (1957, 1976 Repl. Vol.), Art. 10, Section 44. He argues on appeal that reversible error was committed when, contrary to Maryland Rule 758 a, the presiding judge permitted the jurors to have with them in the jury room during their deliberations the five count indictment exhibiting two counts on which the court had earlier entered judgments of acquittal. Since we agree that ignoring the injunction of Rule 758 a requires that appellant's conviction be vacated, we will reverse the judgment and remand the case for a new trial.[1]

Mr. Sherman was indicted on August 9, 1979, for five offenses arising from the alleged unauthorized personal use of funds entrusted to his care belonging to Ms. Helen Kushnick, a client of the appellant since 1972 and the complainant in this case. In abbreviated form, the Baltimore City Grand Jury by indictment charged Mr. Sherman with: Count One — larceny after trust (Md. Code (1957, 1976 Repl. Vol.), Art. 27, § 353) (repealed prospectively by Laws of 1978, ch. 849, § 4); Count Two — fraudulent misappropriation by

---

1. Mr. Sherman, in addition, raises three other issues, each of which he urges requires the reversal of his conviction. In light of our accord with appellant's assertion concerning Maryland Rule 758 a as indicated above, we do not consider these remaining contentions.

a fiduciary (Md. Code (1957, 1976 Repl. Vol., 1979 Cum. Supp.), Art. 27, § 132); and three counts relating to willfully commingling his own funds with those of his client or using his client's funds for purposes other than those for which the moneys were entrusted to him, each in violation of Art. 10, § 44.[2] During the trial of the appellant on this indictment, Judge J. Harold Grady granted motions for judgment of acquittal as to the larceny after trust charge (first count), and one of the charges alleging a violation of Art. 10, § 44 (third count). The judge then allowed the jury, over appellant's objection, to take with it into the jury room the indictment which contained the five counts, including the two which had been earlier dismissed. Though the appellant was acquitted by the jury of two of the remaining charges, he was found guilty of Count Five, the unlawful and willful use of Ms. Kushnick's funds. Mr. Sherman noted an appeal to the Court of Special Appeals, but in advance of consideration of the matter by that court, we granted certiorari.

In explaining why we agree with the appellant that providing the jury during its deliberations with the entire indictment, including the two dismissed counts, constitutes not only error but reversible error, the appropriate starting point is Maryland Rule 758 a, which the appellant contends, and the appellee now concedes, was contravened by the trial court. That rule reads:

a. *Items Taken to Jury Room*

Upon retiring for deliberation, the jury may, with

---

**2.** Count Three charges commingling with his own his client's moneys *and* personally using those funds without authority. Count Four *merely* charges commingling with his own his client's funds. Count Five *solely* charges using without authorization his client's funds for his own purposes. Art. 10, Section 44 reads in pertinent part:

(a) If any attorney is entrusted with, or receives and accepts, or otherwise holds, deposit moneys or other trust moneys, of whatever kind or nature, such moneys, in the absence of written instructions or court order to the contrary shall be expeditiously deposited in an account maintained as a separate account or accounts for funds belonging to others. In no event shall he commingle any such funds with his own or use any such funds for any purpose other than the purpose for which such funds were entrusted to him.

(c) Any attorney wilfully violating the provisions of this section, in addition to the penalties set forth in subsection (b) hereof, shall be guilty of a misdemeanor . . . .

the approval of the court, take into the jury room all exhibits which have been admitted into evidence and *charging documents which reflect only the charges upon which the jury is to deliberate,* subject only to the safeguards imposed by the court for the preservation of the exhibits and the safety of the jurors. (Emphasis added).

The State, as it must, recognizes the failure here to comply with the unambiguous dictate of Rule 758 a, but nevertheless attempts to parry Mr. Sherman's claim that he is entitled to a new trial by a two-prong counterattack. First, the Attorney General contends that the matter is not properly before this Court for review because the issue was not preserved for appellate consideration; and second, assuming that it is, the error was harmless beyond a reasonable doubt. We address these assertions in the order presented.

Factually, the record discloses that immediately before closing arguments to the jury were to commence, Judge Grady invited counsel to the bench and the following colloquy occurred:

THE COURT: By virtue of certain rulings of something on the record, the jury will consider counts two, four and five of the Indictment. In order to direct their attention to those counts, I have prepared a verdict sheet which reads counts two, fraudulent misappropriation by fiduciary, and under that I have guilty — not guilty; count four, unlawful commingling of counsel and client's funds, guilty — not guilty. Count five, unlawful use of client's funds, guilty — not guilty. I intend to submit this document to the jury, and the purpose of numbering the counts is to direct their attention to the counts that they are considering.

MR. MURPHY [Counsel for Mr. Sherman]: I have no objection to labeling but I object to the count itself being submitted to the jury, and I object to the procedure used because I don't like the idea the

court has stricken certain counts, and so forth. I think to submit this issue for a determination . without reference to the fact they are deliberating only as to two, four and five, and you have taken care of certain other counts.

From this, the State argues that "[a]lthough counsel may have had the 'indictment' in mind when he made the objection, that is not what he said," and that Mr. Murphy's continual reference to "count," rather than "indictment," was insufficient to preserve the issue for appellate review. Frankly, we do not comprehend the thrust of the Attorney General's argument, for whether appellant objected to the submission to the jury of the indictment as a whole, on the one hand, or the inclusion of the dismissed counts, on the other, makes no difference in our view. While we do agree that the articulation of the objection was not a paragon of clarity and it would have been preferable to have specifically referred to the rule, we have no difficulty discerning the precise nature of the appellant's contention, which was in the trial court, as it remains before this Court, that the submission of the "stricken counts" to the jury was improper.[3]

Having determined that the issue is properly before us, we now turn to the State's substantive contention — that submitting to the jury the entire indictment for consideration during its deliberations constitutes harmless error. In *Dorsey v. State,* 276 Md. 638, 350 A.2d 665 (1976), in reexamining the doctrine of harmless error to be applied in Maryland in light of the pronouncement of the United States Supreme Court in *Chapman v. California,* 386 U.S.

---

**3.** At oral argument, appellant stated his objection at trial had two additional bases: 1) that the submission of the charging document to the jury, even where the jury is to deliberate upon all the charges contained therein, is prejudicial; and 2) where some of the charges contained in the original indictment have been dismissed, and the indictment is altered to reflect only those counts that the jury is to consider, the appellant is prejudiced by the submission of even the altered indictment where on its face the jury can determine that some of the counts have been dismissed. Appellant's first ground is plainly foreclosed by Rule 758 a itself. As to his second observation, we perceive nothing in Rule 758 a requiring the counts that remain for consideration by the jury be renumbered to reflect a consecutive series beginning with one.

18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967), this Court concluded:

> that when an appellant, in a criminal case, establishes error, unless a reviewing court, upon its own independent review of the record, is able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict, such error cannot be deemed "harmless" and a reversal is mandated. [*Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665, 678 (1976); see also *Hillard v. State,* 286 Md. 145, 155-159, 406 A.2d 415, 421-23 (1979); *Dempsey v. State,* 277 Md. 134, 150-154, 355 A.2d 455, 463-65 (1976).]

The State attempts to buttress its contention that submitting the indictment to the jury, replete with the two counts on which motions for judgment of acquittal had been granted, was harmless by referring us to various cautionary comments of the trial judge made to the jury. In particular, appellee emphasizes Judge Grady's admonishment that "charges are not evidence" and that "the fact that criminal charges have been brought against the defendant . . . raises no presumption whatsoever of guilt on his part." [4] Although we in no way denigrate the use of the cautionary instructions, which in some circumstances will render an error harmless, the unequivocal command of Rule 758 a admits of no such cure. Prior to the adoption of this rule, effective July 1, 1977, that which was to be taken by the jury for use in their deliberations was left to the discretion of the trial court. See former Maryland Rules 757 and 558, Md. Code (1957, 1977 Repl. Vol.), Volume 9B; *Raimondi v. State,*

---

4. In addition, it has also been suggested in partial support of the harmless error argument that the jury had with it in the jury room a "verdict sheet" prepared by the court listing the possible verdicts under the three viable counts. Whereas it is true, as earlier set out in the text, that the trial judge indicated at a bench conference to counsel (but at no time to the jury) his intention to furnish the panel a verdict sheet, there is no indication that in fact he did, and no such sheet appears in the record. Without the verdict sheet being one of them, the record does affirmatively disclose the judge specifically directed that a number of documents, including the indictment, be given the jury, and thus there is room for at least a negative inference that no such sheet was in fact furnished the jury for its use during deliberations.

265 Md. 229, 230-231, 288 A.2d 882, 884 (1972), *cert. denied,* 409 U.S. 948 (1972); *Darby v. State,* 3 Md. App. 407, 410-411, 239 A.2d 584, 587-88 (1967), *cert. denied,* 251 Md. 748 (1968), *cert. denied,* 393 U.S. 1105 (1969). However, in adopting Rule 758 a, this Court acceded to the recommendation of our Standing Committee on Rules of Practice and Procedure that the potential prejudice arising from the submission to a jury of counts that have earlier been eliminated was sufficient to warrant a change from the prior practice. Thus, the rule provides in mandatory terms that no dead counts of a charging document be before the jury during its final deliberations. Whether the practice under the rule since its adoption has demonstrated a lack of need for such a stringent requirement we do not here consider, but observe that as long as it is a part of the law, it is not a guide to the practice of law but a precise rubric established to promote the orderly and efficient administration of justice and is to be read and followed. See *Countess v. State,* 286 Md. 444, 463, 408 A.2d 1302, 1317 (1979) and cases cited therein. Moreover, it is difficult to perceive, in view of the secret character of jury deliberations, how it is possible to determine beyond a reasonable doubt that the dead counts played no part in the deliberations of the jury and its determination of guilt under the fifth count. Consequently, we vacate the conviction, and order a new trial of the appellant on the fifth count of the indictment.

> *Judgment of Criminal Court of Baltimore reversed and case remanded to that court for a new trial on the fifth count of the indictment.*
>
> *Costs to be paid by Mayor and City Council of Baltimore.*

*Murphy, C. J., dissenting:*

While I agree with the Court that there was a failure of compliance with Rule 758 a, I think the rule violation was harmless beyond a reasonable doubt under the standard

adopted in *Dorsey v. State,* 276 Md. 638, 350 A.2d 665 (1976). That standard, applicable only to criminal appeals, is as follows:

> "[w]hen an appellant, in a criminal case, establishes error, unless a reviewing court, upon its own independent review of the record, is able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict, such error cannot be deemed 'harmless' and a reversal is mandated. Such reviewing court must thus be satisfied that there is no reasonable possibility that the evidence complained of — whether erroneously admitted or excluded — may have contributed to the rendition of the guilty verdict." *Id.* at 659.

The jury impanelled to hear the charges against Sherman was apprised at the outset of the trial as to the substance of the five counts of the indictment, and was advised by the court that charges were not evidence of guilt. After the trial judge had granted Sherman's motion for a judgment of acquittal as to counts 1 (larceny after trust) and 3 (attorney escrow violation), the case was submitted to the jury on remaining counts 2 (fraudulent misappropriation by a fiduciary), 4 (unlawful commingling of client funds) and 5 (unlawful use of client funds). The court, in sending the indictment to the jury, instructed it that as a result of "certain rulings" which had previously been made by the court, the jury was to confine its attention only to counts 2, 4 and 5 of the indictment. The court reinstructed the jury that charges were not evidence of guilt. The court provided the jury with a "verdict sheet" which limited its deliberations and its verdict to counts 2, 4 and 5.

The majority concludes that the court's cautionary instructions did not overcome the "unequivocal command" of the rule. It holds that where the rule is violated, and objection is seasonably made, there is "no cure" for the error since jury deliberations are always conducted in secret and it can never be said beyond a reasonable doubt by the reviewing

appellate court that the "dead counts" played no role in the jury's guilty verdict.

I simply cannot accept such a rigid and artificial application of the *Dorsey* harmless error formulation in cases involving a violation of Rule 758 a. The majority completely discounts the impact upon the jury of the court's explicit jury instructions in this case. It assigns no significance to the limitation imposed upon the jury by the "verdict sheet." It simply assumes that there was a "reasonable possibility" under *Dorsey* that the jury may have ignored these directives. It appears to me that the majority has been fatally mesmerized by Sherman's far-fetched suggestion that the jury in some manner may have believed that it was incumbent upon it — in view of the trial judge's earlier action removing two of the counts from its consideration — to convict on one or more of the remaining counts. I do not believe that it is within the realm of reason to attribute such thought processes to *any* jury. In the circumstances of this case, I am satisfied beyond a reasonable doubt within the contemplation of the *Dorsey* harmless error rule that merely sending the indictment containing the "dead counts" to the jury did not contribute to the rendition of the guilty verdict in this case. The error, therefore, was harmless and thus not reversible.

Other jurisdictions, state and federal, have held the harmless error rule applicable in instances where an indictment containing dismissed counts was sent to the jury over the objection of the accused. *See, e.g., United States v. Parker,* 586 F.2d 1253 (8th Cir. 1978); *United States v. Haynes,* 573 F.2d 236 (5th Cir. 1978), *cert. denied,* 439 U.S. 850, 99 S. Ct. 154, 58 L. Ed. 2d 153; *United States v. Warner,* 428 F.2d 730 (8th Cir. 1970), *cert. denied,* 400 U.S. 930, 91 S. Ct. 194, 27 L. Ed. 2d 191; *State v. Fisher,* 39 Ore. App. 931, 593 P.2d 1294 (1979); *Foster v. State,* 230 Ga. 666, 198 S.E.2d 847 (1973); *State v. Begyn,* 58 N.J. Super. 185, 156 A.2d 15 (1959), *aff'd,* 34 N.J. 35, 167 A.2d 161 (1961); *People v. Katz,* 356 Ill. 440, 190 N.E. 913 (1934) and *Berry v. State,* 196 Ind. 258, 148 N.E. 143 (1925).

I therefore dissent from the majority holding that Sherman's conviction should be reversed for the Rule 758 a violation.

Judge Rodowsky has authorized me to state that he concurs in the views expressed herein.