Wung J. WOODS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 428, 1996.

Supreme Court of Delaware.

Submitted: May 8, 1997.
Decided: May 20, 1997.

Karl Haller, Assistant Public Defender, Georgetown, for appellant.

Sam Glasscock, III, Deputy Attorney General, Department of Justice, Georgetown, for appellee.

Before HOLLAND, HARTNETT, and BERGER, JJ.

HOLLAND, Justice.

Following a jury trial in the Superior Court, the defendant-appellant, Wung J. Woods ("Woods"), was convicted, as indicted, of four felonies. According to Woods, the Superior Court abused its discretion by permitting the jury to have a copy of the complete indictment during its deliberations.

This Court has concluded that contention is without merit.

### *Facts*

Woods was charged in a three-page indictment consisting of four counts. The first page of the indictment included charges of Robbery in the First Degree and Possession of a Firearm During the Commission of a Felony. The second page consisted of charges of Reckless Endangering in the First Degree and Possession of a Firearm During the Commission of a Felony. The third page of the indictment charging Woods contained the names of two members of the Grand Jury, Delaware's Attorney General, and the Deputy Attorney General who actually prosecuted the case in the Superior Court.

Woods had no objection to the jury being given the first two pages of the indictment. Woods's trial attorney objected, however, to the third page of the indictment being given to the jury. Woods's trial attorney argued that the signatures of "respected governmental officials" together with the designation "True Bill" would have a beneficial effect on the State's case.

The Superior Court ruled that the jury would be given the complete indictment, including the third page with the signatures. Accordingly, the Superior Court provided the jury with a copy of the indictment for use during its deliberations. Before providing the jury with the indictment, however, the Superior Court's instructions to the jury included the following:

An indictment has been filed alleging Wung J. Woods committed the crimes of Robbery in the First Degree, Reckless Endangering in the First Degree and two counts of Possession of a Firearm During the Commission of a Felony. An indictment is a mere accusation against the defendant and not evidence of guilt. You should not allow yourselves to be influenced in any way, however slight, by the fact that an indictment has been filed against the defendant; you will have a copy of that indictment along with the copy of the charge which I'm now reading.

### Woods's Contention

On appeal, Woods does not contend that providing the jurors with an indictment that reflected the signatures of the Grand Jurors, by themselves, would constitute error. In this regard, Woods agrees with a decision by the Georgia Court of Appeals:

> [I]t was [not] error to send the indictment out with the jury, including the names of the grand jurors who returned the indictment.... The names of the grand jurors are a part of the indictment. Although the [Georgia] Supreme Court has pointed out ... the advisability of masking or concealing extraneous or prejudicial matter contained in an indictment, we find nothing prejudicial, *per se*, in not covering the names of the grand jurors.

*Byrd v. State*, 186 Ga.App. 446, 367 S.E.2d 300, 304–05 (1988).

According to Woods, the names of the Attorney General and the Deputy Attorney General were "harmful to the defense case." Thus, Woods argues that providing the jurors with the indictment's complete signature page constitutes *per se* error that could not be cured by the Superior Court's limiting instruction. For this proposition, Woods relies upon *Sherman v. State*, 288 Md. 636, 421 A.2d 80 (1980).

The *Sherman* decision is distinguishable. In *Sherman*, the trial court had entered judgments of acquittal on two counts. Subsequently, the trial judge failed to remove those two counts from the indictment, before submitting the indictment to the jury. That action constituted a violation of a court rule of Maryland, which provides that the charging document may be taken to the jury room, but that the document must "reflect only the charges upon which the jury is to deliberate." *Id.*, 421 A.2d at 81. The Maryland court rule was mandatory. *Id.* at 83.

### Other Jurisdictions
### Indictment and Deliberations

It is within the discretion of the trial judge to make the indictment available to the jury during its deliberations. *See United States v. Skolek*, 10th Cir., 474 F.2d 582, 586 (1973).

It has been recognized that an indictment can serve as a "useful and essential guide to the jury in its deliberations to test and weigh the evidence against the allegations contained in the indictment in order to determine if the State's proof supports the same." *State v. Graven*, 52 Ohio St.2d 112, 369 N.E.2d 1205, 1207 (1977). The trial court should not, however, provide the jury with an indictment that contains material which is both extraneous to the prosecution and prejudicial. *See United States v. Klein*, 10th Cir., 93 F.3d 698, 703, *cert. denied*, —— U.S. ——, 117 S.Ct. 624, 136 L.Ed.2d 547 (1996); *Evans v. State*, 253 Ga. 331, 320 S.E.2d 168, 169–70 (1984).

The issue raised by Woods in this appeal was presented to the Arizona Supreme Court. *State v. Amaya–Ruiz*, 166 Ariz. 152, 800 P.2d 1260 (1990). In that capital murder case, an indictment was given to the jury by the trial judge without deleting "statutory references, felony designations, the prosecutor's signature, the words 'true bill,' or the signature of the grand jury foreman." *Id.*, 800 P.2d at 1281. The jury was instructed that "the indictment is not evidence and does not create a presumption or permissible inference of guilt." *Id.* at 1282. The Arizona Supreme Court concluded that the jury was "adequately informed" that the words "true bill" and the signatures were not evidence against the defendant. *Id.* Accordingly, it held that there was no error in providing the jury with the indictment. *Id.*

In Louisiana, a defendant also argued that providing the jury with a copy of the indictment lent the imprimatur of the State to the prosecution of the defendant, and that the "very presence of such a document lent credibility to the State's case." *State v. Mattheson*, La.Supr., 407 So.2d 1150, 1163 (1981). The Louisiana Supreme Court noted that the trial court had given a limiting instruction that the indictment was a "mere accusation" without probative value. It held that the defendant could not have been prejudiced by the submission of the indictment to the jury. *Id.*

In an argument to the United States Court of Appeals for the Ninth Circuit, a defendant contended that the trial court had erred in not granting a motion to strike "the signatur-

al phrase 'a true bill,' the names and signatures of the Grand Jury foreperson and the United States Attorney, and the introductory phrase 'the Grand Jury charges.'" *United States v. Ramirez,* 9th Cir., 710 F.2d 535, 545 (1983). The defendant argued that this language "prejudiced him by telling the jury in effect that a higher jury, the grand jury, has found the facts in the indictment to be true and that the United States Attorney concurs in that opinion." *Id.* In *Ramirez,* the trial court had given a proper limiting instruction. The defendant's claim was characterized as challenging the "traditional language of the indictment, the sole purpose of which is to formally commence the government's case against a defendant." *Id.* The Ninth Circuit Court of Appeals rejected the defendant's claim as "frivolous." *Id.*

### This Case

It is within the discretion of the trial judge to decide whether the indictment should be provided to a jury during its deliberations. In the case *sub judice,* the criminal offenses were submitted to the jury for a determination of Woods's guilt exactly as he was charged in the indictment. Before retiring to deliberate with the indictment, the jury was instructed: first, that an indictment is a mere accusation against the defendant; and second, that the jury must not be "influenced in any way, however slight, by the fact that an indictment has been filed against the defendant."

The signature of the Attorney General and/or her Deputy Attorney General are not extraneous information but are part of an indictment. *See* Super.Ct.Crim. R. 7(c). The Superior Court submitted the completely signed indictment to the jury for use during its deliberations, after an appropriate limiting instruction. The record reflects that decision was a proper exercise of the Superior Court's discretion.

### Conclusion

The judgments of the Superior Court are affirmed.