# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Feb 23 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIBERTO QUIROZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1107-CR-577 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila Carlisle, Judge
Cause No. 49G03-1001-FA-5041

February 23, 2012

OPINION – FOR PUBLICATION

**MATHIAS, Judge**

Eriberto Quiroz ("Quiroz") was convicted in Marion Superior Court of Class A felony child molesting, Class C felony child molesting, and Class D felony criminal confinement. On appeal, Quiroz presents three issues, which we renumber and restate as:

I.    Whether the State presented evidence sufficient to support Quiroz's conviction for Class C felony child molesting;

II.   Whether Quiroz's convictions for Class A felony child molesting and Class C felony child molesting constitute double jeopardy;

III.  Whether the trial court committed fundamental error by including in the jury instructions a copy of the charging information that contained reference to charges that had been dismissed; and

IV.   Whether Quiroz's sentence of forty years is inappropriate.

We affirm in part, reverse in part, and remand.

**Facts and Procedural History**

On January 16, 2010, six-year-old S.H. was spending the weekend with her father. S.H.'s half-brother, K.H., lived across the street with his fiancée and their two young children, with whom S.H. liked to play. That night, S.H. spent the night at her brother's house, sleeping on a mattress on the floor in the living room. Quiroz was a friend of K.H. and was also staying at the house that night. At some point in the night, S.H. awoke to find that Quiroz was moving his finger in a circular motion in an effort to enlarge a hole that was already in the crotch of the child's sweatpants. S.H. tried to move away from Quiroz, but Quiroz kept trying to make the hole in her pants larger. Quiroz then pulled down S.H.'s pants and underwear and licked her vagina.

At one point, S.H. attempted to get up to go to the bathroom, but Quiroz pushed her back down onto the mattress. Quiroz then pulled S.H.'s pants back up, retrieved a

2

knife from the kitchen, threatened S.H. with it, and told her to not tell anyone about what he had done. Despite this, S.H. told her mother what had happened when she returned to her mother's house two days later, on January 18, 2010. S.H.'s mother then contacted the police. S.H. was taken to the Child Advocacy Center, where she spoke with a detective. She was also taken to Riley Hospital and examined by a sexual assault nurse. The nurse found no vaginal injuries, which is not uncommon for victims of sexual abuse. But DNA evidence indicated that Quiroz's saliva was on a pair of S.H.'s underpants that the police found in S.H.'s father's home.

On January 25, 2010, the State charged Quiroz as follows: Count I, Class A felony child molesting; Count II, Class A felony child molesting; Count III, Class C felony child molesting; Count IV, Class C felony child molesting; and Count V, Class B felony criminal confinement. At trial, at the conclusion of the State's case-in-chief, the State moved to dismiss Counts II and III, and the trial court granted the State's motion to dismiss these counts.[1] Quiroz also moved for judgment on the evidence with regard to the remaining counts, which motion the trial court denied. On April 26, 2011, the jury found Quiroz guilty on Counts I and IV and guilty of the lesser-included offense of Class C felony criminal confinement on Count V. A sentencing hearing was held on June 9, 2011, at which the trial court ordered Quiroz to serve forty years on Count I, six years on

---

[1] The State filed a written motion to dismiss Counts II and III on April 22, 2011, and this motion was apparently granted by the trial court on the same day. However, the filing of and the ruling on this motion are not included in the chronological case summary. And at trial, neither the judge, the prosecuting attorney, nor defense counsel made reference to the written motion or the trial court's ruling thereon. Instead, the State orally moved to dismiss the charges, which the trial court granted.

Count IV, and six years on Count V, with all sentences to be served concurrently. Quiroz now appeals.

## I. Sufficiency of the Evidence

Quiroz first claims that the State presented insufficient evidence to support his conviction for Class C felony child molesting. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

Count IV of the charging information alleged that Quiroz "did perform or submit to any fondling or touching with S.H., a child who was then under the age of fourteen (14) years, that is: SIX (6) years of age, with the intent to arouse or satisfy the sexual desires of S.H. and/or the sexual desires of ERIBERTO QUIROZ." Appellant's App. p. 37. This substantially tracks the language of the relevant statute. See Ind. Code § 35-42-4-3 (2004).

Quiroz correctly notes that the State presented evidence that he touched S.H.'s clothing and licked her vagina, but not that he otherwise fondled or touched S.H. And the State admits that there was no evidence to support Count IV other than Quiroz's act

4

of licking S.H.'s vagina. Quiroz therefore claims that Count IV is not supported by sufficient evidence. We disagree.

Instead, we agree with the State that Quiroz's act of licking S.H.'s vagina was sufficient to convict Quiroz of Count IV because this act was a touching as alleged in Count IV. We therefore conclude that the State did present sufficient evidence to convict Quiroz of Class C felony child molesting. This does not mean, however, that Quiroz's convictions on both Counts I and IV, both of which are supported by the same act, can stand, and this observation leads us to Quiroz's next argument.

## II. Double Jeopardy

Quiroz claims, and the State concedes, that because the only evidence supporting both Counts I and IV was Quiroz's act of licking S.H.'s vagina, Quiroz's conviction of both counts constitutes double jeopardy and that the appropriate remedy is to vacate Quiroz's conviction on Count IV. We agree.

The only evidence supporting these convictions consists of the very same act. Therefore, there is, at the very least, a reasonable probability that the jury relied on the same evidence to convict Quiroz of both charges. This is improper under the Richardson actual evidence test. See Richardson v. State, 717 N.E.2d 32, 53 (Ind. 1999) (holding that for two challenged offenses to constitute the same offense in a claim of double jeopardy, the defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense).

5

In addition to the instances covered by Richardson, our courts have "long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in Richardson." Guyton v. State, 771 N.E.2d 1141, 1143 (Ind. 2002). Prohibited under this series of rules is "[c]onviction and punishment for a crime which consists of *the very same act* as another crime for which the defendant has been convicted and punished." Id. (giving the example of a battery conviction vacated because the information showed that the identical touching was the basis of a second battery conviction).

Under either test, Quiroz's convictions for Class A felony and Class C felony child molesting cannot stand because the only evidence supporting both convictions is Quiroz's act of licking S.H.'s vagina. And the proper remedy for this double jeopardy violation is to vacate the lesser conviction. See Orta v. State, 940 N.E.2d 370, 377 (Ind. Ct. App. 2011) (noting that remedy for double jeopardy violation is to vacate one of the offenses if reducing either conviction to a less serious form of the same offense will not suffice), trans. denied. We therefore reverse Quiroz's conviction for Class C felony child molesting and remand with instructions that the trial court vacate Quiroz's conviction and sentence on Count IV.[2]

### III. Jury Instructions

Quiroz next claims that the trial court erred in instructing the jury. Specifically, he claims that the trial court should not have included in the jury instructions a copy of

---

[2] Because the trial court ordered Quiroz's convictions to be served concurrently, Quiroz's aggregate sentence will remain forty years.

the charging information that contained the charges that had been dismissed. The manner of instructing a jury is left to the sound discretion of the trial court. Rogers v. State, 897 N.E.2d 955, 962 (Ind. Ct. App. 2008), trans. denied. We will not reverse the trial court's ruling unless the instructional error is such that the charge to the jury misstates the law or otherwise misleads the jury. Id. Jury instructions must be considered as a whole and in reference to each other, and even an erroneous instruction will not constitute reversible error if the instructions, taken as a whole, do not misstate the law or otherwise mislead the jury. Id.

Here, Quiroz admits that he did not object to the trial court including the charging information in the jury instructions. It is well settled that the failure to object to a jury instruction given by the trial court waives the issue for review. Baker v. State, 948 N.E.2d 1169, 1178 (Ind. 2011). Quiroz attempts to avoid waiver by claiming that the trial court's instruction constituted fundamental error. The fundamental error doctrine provides a vehicle for the review of error not properly preserved for appeal. Id. In order to be considered fundamental, the error must represent a blatant violation of basic principles rendering the trial unfair to the defendant and thereby depriving the defendant of fundamental due process. Id. The error must be so prejudicial to the defendant's rights as to make a fair trial impossible. Id. In considering whether a claimed error denied the defendant a fair trial, we determine whether the resulting harm or potential for harm is substantial. Id. at 1178-79. Harm is not shown by the fact that the defendant was ultimately convicted; instead, harm is determined by whether the defendant's right to a

7

fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he would have been entitled. Id. at 1179.

Quiroz claims that the trial court committed fundamental error by exposing the jury to information regarding the dismissed charges. We disagree for several reasons. First, one of the dismissed counts, Count III, was identically worded to Count IV, for which Quiroz was convicted. We therefore cannot see how Quiroz was prejudiced by this duplicative language. Quiroz focuses his argument on Count II, however. This count alleged that Quiroz inserted his finger into S.H.'s vagina. Quiroz argues that the jury "likely assumed that S.H. had made that allegation previously," and "at a minimum, the jurors would have believed there was more to the case than they had been permitted to learn." Appellant's Br. p. 11.

Quiroz acknowledges that, in cases where charges have been dismissed mid-trial, it is unavoidable for the jury to know about the allegations of the dismissed accounts. But he argues that here, this situation could have been avoided because the charges were dismissed before trial, and there was no reason or need for the jurors to be exposed to the allegations of the dismissed charges.

We certainly agree that, if charges are dismissed prior to trial, there is no reason to expose the jury to the allegations of the dismissed charges. Here, however, there appeared to be some confusion as to whether the charges had in fact been dismissed prior to trial. See footnote 1, supra. Indeed, the parties appeared to proceed on the belief that Counts II and III were still pending against Quiroz, in that the State orally moved to

8

dismiss the charges at the close of its case-in-chief, at which time the trial court granted the motion.

Moreover, even if we proceed from the position that Counts II and III had been properly dismissed before trial, Quiroz would not prevail. Had Quiroz objected to the jury being instructed regarding the dismissed charges, we think that the trial court should have removed any mention of the dismissed charges before submitting the charging information to the jury. But Quiroz did not object to the instructions, and we do not think that the inclusion of the dismissed charges in the jury instructions amounts to fundamental error.

Indeed, in its final instructions, the trial court specifically instructed the jury that Counts II and III had "been withdrawn from your consideration. You are not to speculate on why they were withdrawn or give any consideration to this when evaluating the other counts." Appellant's App. p. 142(D). Further, in that part of the instructions which set forth the elements of the remaining crimes, the trial court again instructed the jury that Count II and Count III had been withdrawn and were not to be considered. Id. at 156-57. Furthermore, the trial court instructed the jury that the charges which had been filed were "the formal method of bringing the Defendant to trial. The filing of charges or the Defendant's arrest is not to be considered by you as any evidence of guilt." Id. at 164. And the verdict forms given to the jury did not refer to the dismissed counts. See id. at 178-80. Therefore, even though the better practice would be to remove any reference to the dismissed charges from the copy of the charging information given to the jury, under

9

the facts and circumstances of this case, we cannot conclude that exposing the jury to the dismissed charges deprived Quiroz of a fundamentally fair trial.

Although we have found no Indiana case directly on point, the State cites two cases which lend support to our conclusion. In <u>Berry v. State</u>, 196 Ind. 258, 148 N.E. 143 (1925), the defendant had been charged with five counts, and all but the second count had been dismissed. The trial court informed the jury that it was only to consider the second count of the pleadings. On appeal, the defendant claimed that this instruction misled the jury into thinking that the allegations of the second count were evidence. In rejecting this argument, our supreme court held that "[t]he court may permit the jury to take with them to their room, when they retire for deliberation, the pleadings in the cause, including all of the counts of the indictment or affidavit, *even though the prosecutor may have elected to stand on parts of the counts only*." <u>Id.</u>, 148 N.E. at 145.

And in <u>Nordyke v. State</u>, 213 Ind. 243, 11 N.E.2d 165 (1937), the jury was given access to the indictment, which included two dismissed accounts. The trial court's actual instructions, however, referred only to the remaining count of the indictment. The defendant tendered an instruction advising the jury that the second and third counts had been dismissed and were not to be considered, but the trial court refused this instruction. On appeal, our supreme court held that the defendant "was entitled to have the jury advised that the second and third counts had been dismissed." 213 Ind. at 253, 11 N.E.2d at 169. Thus, the trial court in that case erred not by permitting the jury to have access to

10

the original indictment with the dismissed charges, but by refusing the defendant's instruction that the dismissed counts were not to be considered.[3] See id.

Courts in other jurisdictions have also concluded that there is no error in permitting the jury to have access to an information or indictment which contains counts that have been dismissed where the jury is also instructed that the dismissed counts are not to be considered or that the charging instrument is not evidence. See, e.g., United States v. Haynes, 573 F.2d 236, 241-42 (5th Cir. 1978) (rejecting defendant's claim that trial court committed plain error by permitting the jury to have a copy of an eighteen-count indictment during deliberations despite the fact that only seven counts were submitted to the jury because the jury was properly instructed that the indictment itself did not constitute evidence, and the indictment contained "no inflammatory or perjorative [sic] language."); Foster v. State, 198 S.E.2d 847, 849 (Ga. 1973) (rejecting defendant's claim that trial court erred in giving the jury the indictment which included two counts that were abandoned where the trial court instructed the jury that they were not to consider the abandoned counts and the jury was aware of the charges on which the prosecution was proceeding); United States v. Warner, 428 F.2d 730, 736-37 (8th Cir. 1970) (concluding that sending a copy of the indictment, which included four counts which had been dismissed, to the jury room was harmless error because the jury was instructed that the indictment was not evidence and that the other counts had been

---

[3] The court nevertheless concluded that the defendant had not been prejudiced because the jury returned a general verdict of guilty, which the court considered "a verdict of guilty as to each and all counts of the indictment, which means that all of the jurors agreed as to defendant's guilt under all of the counts before them." 213 Ind. at 253, 11 N.E.2d 170.

dismissed and because the dismissed counts were virtually identical to the remaining counts); State v. Begyn, 156 A.2d 15, 19-20 (N.J. Super. Ct. App. Div. 1959), aff'd, 167 A.2d 161 (N.J. 1961) (concluding that no error occurred when trial court permitted the jury to take indictment to the jury room notwithstanding that judgment of acquittal had been entered on the second count because trial court instructed the jury that acquittal had been entered on that count and because the jury was instructed to ignore that count and consider only the first count of the indictment).

In short, while certainly not the best practice, the trial court did not commit fundamental error in including in the jury instructions a copy of the charging information that included the counts against Quiroz that had previously been dismissed.

**IV. Sentencing**

Quiroz also argues that his aggregate forty-year sentence is inappropriate. Pursuant to Indiana Appellate Rule 7(B) (2009), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). It is on the basis of Appellate Rule 7(B) alone that a criminal defendant may now challenge his sentence "where the trial court has entered a sentencing statement that includes a reasonably detailed

12

recitation of its reasons for imposing a particular sentence that is supported by the record, and the reasons are not improper as a matter of law, but has imposed a sentence with which the defendant takes issue." Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007). It is the defendant's burden on appeal to persuade the reviewing court that the sentence imposed by the trial court is inappropriate. Id. at 494.

Quiroz was convicted of Class A felony child molesting. The advisory sentence for a Class A felony is thirty years, and the maximum sentence for a Class A felony is fifty years. Here, the trial court sentenced Quiroz to forty years, which is ten years greater than the advisory, but ten years less than the maximum sentence. Quiroz was also convicted of Class C felony criminal confinement. The advisory sentence for a Class C felony is four years and the maximum eight years. The trial court sentenced Quiroz to six years on this conviction.[4] Thus, the trial court imposed a sentence that was midway between the advisory and the maximum sentence on all of Quiroz's convictions and ordered the sentences to be served concurrently. With this in mind, we consider Quiroz's claim that his sentence is in appropriate in light of the nature of Quiroz's offenses and his character.

With regard to the nature of the offenses, we note that Quiroz's victim was only six years old, well below the statutory age element of thirteen. See I.C. § 35-42-4-3 (2004) (defining child molesting as sexual intercourse, sexual deviate conduct, fondling,

---

[4] The trial court also sentenced Quiroz to six years on his conviction for Class C felony child molesting. But we have concluded above that we must reverse Quiroz's conviction for Class C felony child molesting on double jeopardy grounds. Therefore, on remand the trial court must vacate Quiroz's conviction and sentence on this count.

13

or touching with a child under fourteen years of age). This fact alone justifies a sentence to a term greater than the advisory. See Buchanan v. State, 956 N.E.2d 124, 128 (Ind. Ct. App. 2011) (noting that our courts have repeatedly held that the tender age of a victim in a child molesting case may be considered as an aggravating factor). We also note that Quiroz pushed S.H. back down when the child tried to get up. And he held a kitchen knife when he warned S.H. not to tell anyone about his crime. Thus, the nature of Quiroz's offenses supports the trial court's decision to impose a sentence greater than the advisory.

With regard to character of the offender, we note that Quiroz has a relatively lengthy criminal history. The pre-sentence investigation report indicates that Quiroz, who was twenty-seven at the time of the current offenses, has nine prior convictions. Three of these convictions were felony convictions for possession and dealing controlled substances. Quiroz has also been given the opportunity provided by probation only to have his probation revoked. In fact, Quiroz was on probation at the time of the instant offenses and a petition to revoke his probation was pending at the time of sentencing. Quiroz also admitted at trial that he was using cocaine at the time of the instant offenses.

Quiroz attempts to diminish his criminal history by claiming that the current case is "the first and only instance of sexual misconduct in [his] record." Appellant's Br. p. 13. First, this is not entirely true, as Quiroz was charged with second degree felony sexual assault in Texas in 1995, but it is true that this charge was later dismissed. More importantly, even if this is his first sexual offense, Quiroz's history of repeated criminal behavior supports a sentence beyond the advisory.

14

In summary, the nature of Quiroz's offenses and Quiroz's character, as reflected in his criminal history and failed attempts at rehabilitation, support the trial court's decision to impose an aggregate sentence of forty years. Quiroz has not met his burden of establishing that the sentence imposed by the trial court is inappropriate.

**Conclusion**

The State presented evidence sufficient to support Quiroz's convictions for both Class A felony and Class C felony child molesting. However, because the only evidence supporting the Class C felony conviction was precisely the same evidence used to support his Class A felony conviction, his conviction of both crimes constitutes impermissible double jeopardy. We therefore reverse Quiroz's conviction for Class C felony child molesting and remand with instructions that the trial court vacate the conviction and sentence on this count. The trial court did not commit fundamental error by including in the jury instructions the charging information that included charges which had been previously dismissed. Lastly, Quiroz's forty-year sentence is not inappropriate in light of the nature of the offenses and the character of the offender.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

FRIEDLANDER, J., and RILEY, J., concur.

15