## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 02 2016, 7:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Hollis Lloyd,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 2, 2016<br><br>Court of Appeals Case No.<br>49A02-1512-CR-2306<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Jose D. Salinas, Judge<br><br>Trial Court Cause No.<br>49G14-1508-F6-28275 |

**Mathias, Judge.**

[1]   Hollis Lloyd ("Lloyd") was convicted in Marion Superior Court of Class A misdemeanor possession of marijuana. Lloyd appeals and claims that the trial

court committed fundamental error in instructing the jury. Concluding that the trial court's jury instructions did not constitute fundamental error, we affirm.

## Facts and Procedural History

[2] The facts of this case appear to be undisputed. On the night of August 8, 2015, Indianapolis Metropolitan Police Officer Michael Gibson ("Officer Gibson") responded to a call of an altercation between a man and a woman at an address on Savannah Drive in Indianapolis. When he arrived at the scene, Officer Gibson saw a woman, later identified as Leslie Best ("Best") standing outside the home and a man, later identified as Lloyd, sitting by the front porch steps. Best and Lloyd were still arguing, and Officer Gibson suggested that Lloyd leave for the night to de-escalate the situation. Lloyd agreed and stated that he would leave permanently.

[3] Lloyd then began to go into the house to gather his belongings, making a few trips from the house to his car. Lloyd placed his items on the ground near the rear of his car. As Officer Gibson went to ask Lloyd when he would be ready to leave, he smelled the odor of marijuana. He looked down and saw marijuana in a clear plastic bag. Officer Gibson arrested Lloyd for possession of marijuana. A subsequent search of the bag revealed marijuana and pills.

[4] On August 11, 2015, the State charged Lloyd with Level 6 felony possession of a controlled substance and Class A misdemeanor possession of marijuana. A jury trial was held on December 17, 2015. Lloyd made no objection to the trial court's instructions to the jury. At the conclusion of the trial, the jury found

Lloyd not guilty of the felony charge but guilty of the misdemeanor charge. The trial court then sentenced Lloyd to 242 days with sixty-two days executed and the remainder suspended to probation. Lloyd now appeals.

## Standard of Review

Lloyd claims that the trial court erred in instructing the jury. The manner of instructing a jury is left to the sound discretion of the trial court. *Quiroz v. State*, 963 N.E.2d 37, 41 (Ind. Ct. App. 2012) (citing *Rogers v. State*, 897 N.E.2d 955, 962 (Ind. Ct. App. 2008)). On appeal, we will not reverse the trial court's ruling unless the instructional error is such that the charge to the jury misstates the law or otherwise misleads the jury. *Id*. Jury instructions are to be considered as a whole and in reference to one another, and even an erroneous instruction will not constitute reversible error if the instructions, taken as a whole, do not misstate the law or otherwise mislead the jury. *Id*.

Lloyd admits that he did not object to the jury instructions he now claims were improper. This failure to object waives the issue for purposes of appeal. *Id*. at 42 (citing *Baker v. State*, 948 N.E.2d 1169, 1178 (Ind. 2011)). Lloyd attempts to avoid this waiver by claiming that the trial court's instructions constituted fundamental error. As we explained in *Quiroz*:

> The fundamental error doctrine provides a vehicle for the review of error not properly preserved for appeal. In order to be considered fundamental, the error must represent a blatant violation of basic principles rendering the trial unfair to the defendant and thereby depriving the defendant of fundamental due process. The error must be so prejudicial to the defendant's

rights as to make a fair trial impossible. In considering whether a claimed error denied the defendant a fair trial, we determine whether the resulting harm or potential for harm is substantial. Harm is not shown by the fact that the defendant was ultimately convicted; instead, harm is determined by whether the defendant's right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he would have been entitled.

*Quiroz*, 963 N.E.2d at 42 (citing *Baker*, 948 N.E.2d at 1178). Our supreme court has emphasized that the fundamental error exception to the requirement for contemporaneous objection is "extremely narrow" and "is available only in egregious circumstances." *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013).

## Preliminary Instruction No. 2.

[7] Lloyd first attacks the trial court's Preliminary Instruction No. 2, which provided as follows:

You have been selected as jurors and you are bound by your oath to try this case fairly and honestly.

You are permitted to discuss the evidence among yourselves in the jury room during recesses from trial but only when all jurors and alternates are present. You should keep an open mind. You should not form or express any conclusion or judgment about the outcome of the case until the court submits the case to you for your deliberations.

You must not communicate about this case with anyone else. Do not talk to any of the parties, their lawyers or any of the witnesses. If anyone tries to talk about the case in your presence, you should tell the bailiff immediately and privately. Throughout the trial you must not:

- Conduct research on your own or as a group.

- Use dictionaries, the internet or any other resource to gather or send any information about this case.

- Investigate the case, conduct any experiments or attempt to gain any specialized knowledge about the case.

- Receive assistance in deciding the case from any outside source.

- Have or use laptops or cell phones in the courtroom or in the jury room.

- Consume any alcohol or drugs that could affect your ability to hear and understand the evidence.

- Read, watch or listen to anything about this trial from any source whatsoever, including newspapers, radio, television or the internet.

- Listen to discussions among or receive information from other people about this trial.

- Visit the scene of any event involved in this case. If you happen to pass by the scene, do not stop to investigate.

The reason for these restrictions is to ensure that

Your decision is based only on the evidence presented during this trial and the court's instructions on the law.

You should focus your attention on the court proceedings and the evidence, and reach a verdict based upon what you hear and see in this court.

Appellant's App. pp. 33-34.[1]  Lloyd claims this instruction was faulty for four reasons.

---

[1]  The trial court's instructions were printed in all uppercase letters.  To make the instructions easier to read, we have lowered the case of the instructions as necessary.

## A. Role of Alternate Jurors

Lloyd first contends that Preliminary Instruction No. 2 failed to inform the jury, as provided by Jury Rule 20, that the "jurors, *including alternates*, are permitted to discuss the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence." Ind. Jury Rule 20(a)(8) (emphasis added). We disagree.

Preliminary Instruction No. 2 plainly informed the jury "You are permitted to discuss the evidence among yourselves in the jury room during recesses from trial but only when all jurors *and alternates* are present." Appellant's App. p. 33 (emphasis added). We agree with the State that even though the instruction does not explicitly state that the alternates could participate in the jury discussions, it did inform the jury that the alternates were required to be present during such discussions. Thus, the instruction at least suggested or implied that the alternates were permitted to participate in the discussion, and the instruction placed no restriction upon the alternate jurors with respect to the discussions. Accordingly, we cannot say that this aspect of Preliminary Instruction No. 2 constituted fundamental error.

## B. Restricted Activities

Lloyd next complains that Preliminary Instruction No. 2 did not inform the jurors that they could not use computers or other electronic communication

devices such as mobile phones to engage in the list of prohibited activities delineated by the instruction. Jury Rule 20(b) states:

> The court shall instruct the jurors before opening statements that until their jury service is complete, they shall not use computers, laptops, cellular telephones, or other electronic communication devices while in attendance at trial, during discussions, or during deliberations, unless specifically authorized by the court. In addition, jurors shall be instructed that when they are not in court they shall not use computers, laptops, cellular telephones, other electronic communication devices, or any other method to:
>
> > (1) conduct research on their own or as a group regarding the case;
> >
> > (2) gather information about the issues in the case;
> >
> > (3) investigate the case, conduct experiments, or attempt to gain any specialized knowledge about the case;
> >
> > (4) receive assistance in deciding the case from any outside source;
> >
> > (5) read, watch, or listen to anything about the case from any source;
> >
> > (6) listen to discussions among, or receive information from, other people about the case; or
> >
> > (7) talk to any of the parties, their lawyers, any of the witnesses, or members of the media, or anyone else about the case, including posting information, text messaging, email, Internet chat rooms, blogs, or social websites.

[11] Preliminary Instruction No. 2 informed the jurors that, throughout the trial, they were not permitted to: (1) conduct research on their own or as a group; (2) use dictionaries, the Internet, or any other resource to gather or send any information about the case; (3) investigate the case, conduct any experiments,

or attempt to gain any specialized knowledge about the case; (4) receive assistance in deciding the case from any outside source; (5) have or use laptops or cell phones in the courtroom or in the jury room; (6) consume any alcohol or drugs that could affect their ability to hear and understand the evidence; (7) read, watch, or listen to anything about this trial from any source whatsoever, including newspapers, radio, television, or the Internet; (8) listen to discussions among or receive information from other people about the trial; or (9) visit the scene of any event involved in the case. Appellant's App. pp. 33-34.

[12] Lloyd does not deny this, but claims that the trial court's instruction failed to tell the jurors that they could not use computers or other electronic devices to do these activities. We agree with the State that this would have been redundant. Preliminary Instruction No. 2 generally informed the jurors of the restrictions on their activities. These restrictions were stated generally and would apply to activities, e.g., independent research, conducted with a computer or otherwise. Nothing in the instruction suggests that these activities would be permitted if performed electronically.

### C. Use of Computers and Electronic Communication Devices

[13] Lloyd also complains that Preliminary Instruction No. 2 failed to inform the jurors, as required by Jury Rule 20, that they must not engage in the listed activities "when they are in court." Instead, the instruction uses the term "throughout the trial." We fail to see a meaningful difference between these limitations. Certainly, these differences do not rise to the level of fundamental error.

In a related argument, Lloyd claims that Preliminary Instruction No. 2 was improper because, although it informs the jurors that they should not have laptops or cellular phones in the courtroom or jury room, it "fails to include the language under J.R. 20 that "*'until your jury service is complete*, you shall not use [1] computers, [2] laptops, [3] cellular telephones, or [4] other electronic communication devices while in attendance at trial, during discussions, or during deliberations, *unless specifically authorized by the court*.'" Appellant's Br. p. 12 (emphases added by appellant).

However, as noted above, the trial court's instruction explained to the jurors that they were prohibited from using "laptops or cell phones in the courtroom or in the jury room" "*throughout the trial*." Appellant's App. pp. 33-34. We believe this adequately explained to the jurors that they should not use computers or other similar devices during the trial, i.e., until their jury service was completed.

*D. Communication with Non-Jurors*

Lastly, Lloyd notes that Preliminary Instruction No. 2 informs the jurors that they "must not communicate about this case with anyone else. Do not talk to any of the parties, their lawyers or any of the witnesses. If anyone tries to talk about the case in your presence, you should tell the bailiff immediately and privately." Appellant's App. p. 33. Lloyd complains that this fails to comply with Jury Rule 20(b)(7), which states that jurors shall be informed that they must not "talk to any of the parties, their lawyers, any of the witnesses, *or*

*members of the media, or anyone else about the case, including posting information, text messaging, email, Internet chat rooms, blogs, or social websites*." (emphasis added).

[17]     Although the list in Jury Rule 20(b)(7) is more detailed and specific, the trial court's instruction adequately informed the jury that they were generally prohibited from communicating about the case "with anyone else." This broad prohibition would include the more specific instances listed in Jury Rule 20(b)(7). We therefore fail to see any error, much less fundamental error, in the trial court's instruction regarding communicating with others about the case.

### Preliminary Instruction No. 14

[18]     Lloyd also attacks the adequacy of Preliminary Instruction No. 14, which explained the procedure the jurors were to use if they desired to ask a question of a witness. Lloyd notes that the instruction does not specifically mention that the alternate jurors may also ask questions. Jury Rule 20(a)(7) provides that the jury must be informed "that jurors, including alternates, may seek to ask questions of the witnesses by submission of questions in writing." Preliminary Instruction No. 14 stated that "if you have questions [to ask of a witness], please raise your hand after the attorneys have asked all of their questions and before the witness has left the stand." Appellant's App. p. 47. This instruction does not specifically include a reference to alternate jurors. It is instead generally directed at the entire jury, and does not exclude alternate jurors. Accordingly, we conclude that Preliminary Instruction No. 14 does not rise to the level of fundamental error.

## Preliminary Instruction No. 16

[19] Lloyd next attacks Preliminary Instruction No. 16, which provided, "If, at any time, you realize you know something about the case or know a witness or the defendant, you must inform the bailiff privately at your earliest opportunity." Appellant's App. p. 49. Lloyd claims that this instruction was insufficient because it failed to comply with Jury Rule 20(a)(5), which requires that the jurors be instructed regarding the "personal knowledge procedure under [Jury] Rule 24." Jury Rule 24 provides:

> If the court receives information that a juror has personal knowledge about the case, the court shall examine the juror under oath in the presence of the parties and outside the presence of the other jurors concerning that knowledge.
>
> If the court finds that the juror has personal knowledge of a material fact, the juror shall be excused, and the court shall replace that juror with an alternate. If there is no alternate juror, then the court shall discharge the jury without prejudice, unless the parties agree to submit the cause to the remaining jurors.

[20] Although the jury was not instructed regarding the specific procedure that the trial court was required to follow under Jury Rule 24 if it learned that a juror had personal knowledge about the case, Preliminary Instruction No. 16 did inform the jury of its obligation to bring to the trial court's attention any personal knowledge the jurors had about the case. As noted by the State, Jury Rule 24 is directed to the trial court, not the jurors. We therefore conclude that it was not fundamental error to leave out the specific procedure the trial court was to follow in Preliminary Instruction No. 16. The jurors were still instructed

to inform the trial court, through the bailiff, if they had any personal knowledge about the case, the defendant, or the witnesses. None of the jurors in Lloyd's trial indicated that they had such knowledge. Accordingly, we discern no fundamental error.

### Final Instruction No. 8

[21] Lastly, Lloyd criticizes the trial court's Final Instruction No. 8, which provided:

> The alternate juror in this case may accompany the jury to the jury room during deliberations. However, until you are designated as a replacement for another juror in open court, you may not take part in deliberations. You must listen attentively to the deliberations and by doing so be prepared to provide your view if called to do so.

Appellant's App. p. 58.

[22] This instruction, Lloyd claims, is insufficient when compared to Indiana Pattern Jury Instruction No. 13.2900, which provides, "The foreperson shall prevent alternate jurors from deliberating or voting with the jury. The foreperson shall promptly report any violation of this instruction to [the trial court judge]."

[23] We first observe that the Indiana Pattern Jury Instructions "are prepared under the auspices of the Indiana Judges Association in conjunction with the Indiana Judicial Conference Criminal and Civil Instruction Committees." *Campbell v. State*, 19 N.E.3d 271, 275 n.3 (Ind. 2014). Although the pattern instructions are not formally approved by the Indiana Supreme Court, "they are tacitly

recognized by Indiana Trial Rule 51(E)." *Id.* (citing *Halliburton v. State*, 1 N.E.3d 670, 684 n.9 (Ind. 2013)). However, pattern jury instructions are not always upheld as correct statements of the law. *Boney v. State*, 880 N.E.2d 279, 294 (Ind. Ct. App. 2008).

[24] Here, Lloyd directs us to no authority that the failure to use a pattern jury instruction is necessarily error, much less fundamental error. To be sure, the pattern instruction, unlike the court's instruction, places on the jury foreman the duty of ensuring that the alternate juror does not participate in the deliberations. Final Instruction No. 8, however, plainly instructed the jury that the alternate juror was not to take part in the deliberations. Since we presume that jurors follow the trial court's instructions, *Weisheit v. State*, 26 N.E.3d 3, 20 (Ind. 2015), and because Lloyd refers us to nothing that would suggest that the alternate did participate in the jury's deliberations, we find no error, fundamental or otherwise, in the trial court's Final Instruction No. 8.

## Conclusion

[25] At most, Lloyd has established relatively minor differences between the trial court's instructions and the jury rules and pattern jury instructions. Even if it would have been the better practice to more closely adhere to the language of the jury rules and pattern instructions, Lloyd should have called these issues to the trial court's attention by objecting to the instructions given. Because he did not object to the trial court's instructions, any error is waived, and Lloyd has not met his considerable burden of demonstrating that the instructions given constituted fundamental error.

Affirmed.

Robb, J., and Brown, J., concur.