## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 12 2017, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Gonser,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 12, 2017

Court of Appeals Case No.
61A04-1606-CR-1511

Appeal from the Parke Circuit Court

The Honorable Samuel A. Swaim, Judge

Trial Court Cause Nos.
61C01-1510-F6-224
61C01-1511-CM-442

**Robb, Judge.**

# Case Summary and Issue

Michael Gonser was convicted of performing sexual conduct in the presence of a minor, a Level 6 felony. Gonser appeals, raising one issue for our review: whether the trial court committed fundamental error by failing to properly instruct the jury as to the requisite mental state of the offense. Finding no error in the trial court's instruction of the jury, we affirm Gonser's conviction.

# Facts and Procedural History

On October 19, 2015, Gonser was at home watching his stepchildren, including seven-year-old H.C. When his wife, Lisa, arrived home from work, she found Gonser standing next to H.C.'s bed wearing only his underwear. Gonser was standing near H.C. and masturbating. Lisa noticed H.C. was still asleep, but that her pants and underwear were pulled down so her buttocks were exposed. Lisa then called the police.

The State charged Gonser with performing sexual conduct in the presence of a minor, a Level 6 felony. At trial, the trial court's final jury instructions included the following:

> **Final Instruction No. 4**
>
> The crime of Performing Sexual Conduct in the Presence of a Minor is defined by law as follows:
>
> A person eighteen (18) years of age or older who knowingly touches or fondles the person's own body in the presence of a child less than fourteen (14) years of age with the intent to arouse or satisfy the sexual desires of the older person commits

Performing Sexual Conduct in the Presence of a Minor. A Level 6 Felony.

Before you may convict [Gonser] the State must have proved each of the following elements beyond a reasonable doubt:

1. [Gonser]
2. knowingly
3. touched or fondled [Gonser's] own body
4. in the presence of H.C., who was at the time less than fourteen (14) years of age
5. with the intent to arouse or satisfy the sexual desires of [Gonser].

Appellant's Appendix at 70. At trial, Gonser did not object to Final Instruction No. 4. The jury found Gonser guilty of performing sexual conduct in the presence of a minor. Gonser now appeals.

# Discussion and Decision

Gonser's sole claim is that the trial court committed fundamental error by failing to instruct the jury "on the specific intent Gonser had to possess in order to be found guilty of the offense." Brief of Appellant at 8. Gonser asserts Indiana Code section 35-42-4-5(c)(3) requires "the State prove [Gonser's] sexual desires were satisfied by the presence of the child and not just by the sexual conduct[,]" *id.* at 7, and failure to instruct the jury on this element constituted fundamental error.

The manner of instructing a jury is left to the sound discretion of the trial court. *Quiroz v. State*, 963 N.E.2d 37, 41 (Ind. Ct. App. 2012), *trans. denied*. On appeal, we will not reverse the trial court's ruling unless the instructional error is such

that the charge to the jury misstates the law or otherwise misleads the jury. *Id.* Jury instructions are to be considered as a whole and in reference to one another, and even an erroneous instruction will not constitute reversible error if the instructions, taken as a whole, do not misstate the law or otherwise mislead the jury. *Id.*

[6] Gonser admits he did not object to the jury instruction he now claims is improper. This failure to object waives the issue for purposes of appeal. *Id.* at 42 (citing *Baker v. State*, 948 N.E.2d 1169, 1178 (Ind. 2011)). Gonser attempts to avoid this waiver by claiming the trial court's instructions constituted fundamental error. As we explained in *Quiroz*:

> The fundamental error doctrine provides a vehicle for the review of error not properly preserved for appeal. In order to be considered fundamental, the error must represent a blatant violation of basic principles rendering the trial unfair to the defendant and thereby depriving the defendant of fundamental due process. The error must be so prejudicial to the defendant's rights as to make a fair trial impossible. In considering whether a claimed error denied the defendant a fair trial, we determine whether the resulting harm or potential for harm is substantial. Harm is not shown by the fact that the defendant was ultimately convicted; instead, harm is determined by whether the defendant's right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he would have been entitled.

[7] *Id.* (internal citations omitted). Our supreme court has emphasized the fundamental error exception to the requirement of a contemporaneous objection is "extremely narrow" and "is available only in egregious

circumstances." *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013) (citations omitted).

[8] The trial court did not err in instructing the jury, much less commit fundamental error. Indiana Code section 35-42-4-5(c)(3) states,

> (c) A person eighteen (18) years of age or older who knowingly or intentionally:
>
> * * *
>
> (3) touches or fondles the person's own body . . . in the presence of a child less than fourteen (14) years of age with the intent to arouse or satisfy the sexual desires of the child or the older person commits performing sexual conduct in the presence of a minor . . . .

Final Jury Instruction No. 4, in relevant part, states as follows:

> Before you may convict [Gonser] the State must have proved each of the following elements beyond a reasonable doubt:
>
> 1. [Gonser]
> 2. knowingly
> 3. touched or fondled [Gonser's] own body
> 4. in the presence of H.C., who was at the time less than fourteen (14) years of age
> 5. with the intent to arouse or satisfy the sexual desires of [Gonser].

Appellant's App. at 70. This instruction tracks the statutory language setting forth the elements of the offense. Indiana Code section 35-42-4-5(c) criminalizes sexual conduct "performed in the presence of a child under the age of fourteen when the conduct was done in the presence of such a child *with the*

*intent to arouse or satisfy the sexual desires of either the defendant or the child*."
*Baumgartner v. State*, 891 N.E.2d 1131, 1138 (Ind. Ct. App. 2008) (emphasis in original). Contrary to Gonser's assertion, the statute does not require proof his sexual desires were aroused or satisfied by the child's presence, and the trial court did not err in failing to instruct the jury on that element.

# Conclusion

[9] The trial court did not commit fundamental error and Gonser's conviction is affirmed.

[10] Affirmed.

Kirsch, J., and Barnes, J., concur.