

ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Malcolm R. DePriest, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 24, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-1176 <br><br> Appeal from the Vanderburgh <br> Circuit Court <br><br> The Honorable David D. Kiely, <br> Judge <br><br> The Honorable Michael J. Cox, <br> Magistrate <br><br> Trial Court Cause No. <br> 82C01-1712-F4-7397 |

**Crone, Judge.**

## Case Summary

[1]     Malcolm R. DePriest appeals his convictions for level 4 felony unlawful

possession of a firearm by a serious violent felon ("SVF") and class A

misdemeanor resisting law enforcement. He argues that the trial court committed fundamental error by instructing the jury that there would be a second phase of the trial if the jury found beyond a reasonable doubt that he knowingly or intentionally possessed a firearm. Finding no error, we affirm.

## Facts and Procedural History

[2] On September 28, 2017, an Evansville police officer responded to a report of an incident in progress involving a man with two guns. The officer saw DePriest exit a building, get on a bicycle, and ride away. The officer activated his emergency lights and followed DePriest. DePriest looked back twice at the officer. The officer briefly activated his siren twice. DePriest started peddling faster. The officer saw DePriest take a handgun from his waistband and throw it. DePriest was eventually stopped and arrested, and the handgun was recovered.

[3] The State charged DePriest with level 4 felony unlawful possession of a firearm by a SVF and class A misdemeanor resisting law enforcement and alleged that he was a habitual offender. At trial, the trial court provided the jury with the following preliminary instruction:

> In Count 1, the Defendant is charged with Possession of a Firearm in Violation of Indiana Code. The trial will be in two (2) stages. In the first stage, there will be a trial on the issue of whether the Defendant knowingly or intentionally possessed the firearm as charged in Count 1. If you find beyond a reasonable doubt that the Defendant knowingly or intentionally possessed the firearm as charged in Count 1, there will be a second stage of the trial. In the second stage, there will be a trial of the issue

whether the Defendant committed a crime by possessing a firearm.

Appellant's App. Vol. 2 at 50. Neither party objected to the instruction.

[4] The jury found that DePriest knowingly or intentionally possessed a firearm and found him guilty of resisting law enforcement. DePriest admitted that he was a SVF and a habitual offender. The trial court sentenced DePriest to six years for unlawful possession of a firearm by a SVF, with a seven-year enhancement for being a habitual offender and a concurrent one-year sentence for resisting law enforcement. This appeal ensued.

## Discussion and Decision

[5] DePriest asserts that the preliminary instruction on bifurcation constituted fundamental error. We observe that "[t]he manner of instructing a jury is left to the sound discretion of the trial court. We will not reverse the trial court's ruling unless the instructional error is such that the charge to the jury misstates the law or otherwise misleads the jury." *Quiroz v. State*, 963 N.E.2d 37, 41 (Ind. Ct. App. 2012) (citation omitted), *trans. denied*.

[6] Because DePriest failed to object to the jury instruction, he may obtain reversal only if the instruction constituted fundamental error. *See Knapp v. State*, 9 N.E.3d 1274, 1281 (Ind. 2014) ("Failure to object at trial waives an issue on appeal unless the appellant can show fundamental error."), *cert. denied* (2015). The fundamental error exception to the contemporaneous objection rule is

extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. The error claimed must either make a fair trial impossible or constitute clearly blatant violations of basic and elementary principles of due process. This exception is available only in egregious circumstances.

*Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (citations and quotation marks omitted).

[7] Specifically, DePriest contends that the instruction constitutes fundamental error because "any reference to the second stage is prejudicial and improperly alludes to the automatic requirement of a second stage and defendant's prior criminal history or the possibility that he or she has one." Appellant's Br. at 9. We disagree. In *Williams v. State*, 834 N.E.2d 225 (Ind. Ct. App. 2005), another panel of this Court upheld a substantively identical instruction that stated:

> The Defendant is charged with Illegal Possession of a Firearm. The trial of charge [sic] will be in two (2) stages. In the first stage, there will be a trial on the issue of whether the Defendant knowingly or intentionally possessed the firearm as charged. If you find beyond a reasonable doubt that the defendant knowingly or intentionally possessed the firearm as charged, there will be a second stage of the trial. In the second stage, there will be a trial of the issue whether the Defendant committed a crime by possessing a firearm.

*Id.* at 228. In concluding that the instruction was proper, the *Williams* court reasoned as follows:

With bifurcation … comes the difficulty of explaining to a jury why the defendant is facing trial for merely possessing a firearm. *To the extent the trial court's instruction informed the jury that Williams was alleged to have possessed the firearm illegally for some reason, such was likely already the common sense conclusion of the jurors.* The instruction also is clear that there would be a second phase of the trial if, and only if, the jury first concluded beyond a reasonable doubt that Williams had knowingly or intentionally possessed a firearm. It did not, as Williams argues, imply that a second phase of the trial was inevitable.

…. Here, the trial court circumvented legitimate concerns regarding fairness by avoiding reference to Williams as a "serious violent felon" until after the jury had decided whether he had knowingly or intentionally possessed the AK-47. ….

In sum, we conclude the trial court here struck the proper balance between advising the jury that Williams had indeed been charged with a firearm-related crime and avoiding identifying Williams as a "serious violent felon" from the outset of trial. Although current precedent does not require trial courts to bifurcate SVF trials, we believe that the bifurcation procedure serves the ends of justice in such trials and urge our state's trial judges to use this procedure in SVF cases.

*Id*. at 227-28 (emphasis added).

[8] To the extent DePriest argues that mentioning a second phase of the trial suggests it is automatic, we reach the same conclusion as the *Williams* court. Here, the instruction clearly states that there would be a second phase of the trial only *if* the jury first concluded beyond a reasonable doubt that DePriest knowingly or intentionally possessed a firearm. As to DePriest's argument that

the instruction's reference to a second phase suggests that the defendant has or might have a criminal history, we disagree. The instruction simply states that in the second stage the jury would consider whether the defendant committed a crime by possessing a firearm; there is no mention of any facts or circumstances or law as to what makes possessing a firearm a crime. We are unpersuaded that the instruction is prejudicial.

[9] We observe that the *Williams* court's reasoning in upholding the instruction and advocating bifurcation in SVF cases was endorsed by our supreme court in *Russell v. State*, 997 N.E.2d 352, 354 (Ind. 2013), which addressed a claim of improper trial bifurcation rather than the propriety of a jury instruction. In arguing that bifurcation was improper, Russell argued that "instructing the jury on the non-existent offense of 'unlawful possession of a firearm' was prejudicial because most jurors would know that possession of a firearm, by itself, is not a criminal offense [and] jurors would infer a second phase of trial." *Id.* The supreme court concluded that this argument failed "[b]ecause the trial court instructed the jury to consider whether Russell had 'unlawfully' possessed a firearm and whether Russell was a SVF in two separate phases of trial." *Id.* In reaching this conclusion, the supreme court observed that "this argument was rejected in *Williams v. State*, where the Court of Appeals held that by bifurcating the defendant's SVF trial so that the jury would consider knowing possession of a firearm and the defendant's SVF status separately, the trial court 'avoid[ed] identifying [the defendant] as a 'serious violent felon' from the outset of trial.'" *Id.* (quoting *Williams*, 834 N.E.2d at 228) (brackets in *Russell*).

[10]     Based on the foregoing, we conclude that the trial court did not commit error, let alone fundamental error, in giving the challenged instruction.  Therefore, we affirm.

[11]     Affirmed.

Najam, J., and Pyle, J., concur.